EDWARD M. TACKABERRY v. MARY C. TACKABERRY.

*Pleading—Divorce—Cruelty—Reconciliation—Decree.*

1. Where an original bill for divorce is properly verified under the statute, an objection that an amendment or a supplemental bill, filed by stipulation of the parties, is not so verified, is without force.

2. An objection, made for the first time on appeal, that the answer to a cross-bill in a divorce case is not sworn to, comes too late.

3. A husband filed a bill for divorce on the ground of extreme cruelty, and, before any further proceedings were had in the case, both parties relented, and lived together for a few days, when trouble was had, and they again separated, after which the wife filed her answer, making counter-charges of extreme cruelty and drunkenness, and asking that her answer might be treated as a cross-bill, and for affirmative relief. And it is held that the reconciliation did not operate to divest the court of jurisdiction, and that the subsequent cohabitation of the parties is not a bar to a divorce upon the ground of extreme cruelty.

4. The wife was granted a divorce, and appealed, and it was urged by her that the divorce should not have been granted, for the reason that her cross-bill did not expressly pray for such relief, and, further, that—under the rule that, where both parties are guilty of misconduct constituting a statutory cause for divorce, a divorce will not be granted to either—both bills should be dismissed. And it is held that, the defendant having expressly denied all of the allegations of cruelty made by the complainant, and having made counter-charges of extreme cruelty and drunkenness, and having introduced evidence in support of said charges, the court may well have found, under the testimony, that the acts alleged against the defendant were inspired by the complainant's conduct; and that, no question having been raised as to the sufficiency of the prayer of the cross-bill until after the determination of property rights by the court upon full hearing, nearly four months after the granting of the divorce, defendant's objection thereto cannot now be regarded.

Appeal from St. Joseph.     (Loveridge, J.)    Submitted on briefs April 12, 1894.   Decided June 16, 1894.

Bill for divorce.    Defendant appeals.    Decree modified and affirmed.   The facts are stated in the opinion.

*Newton H. Barnard,* for complainant.

*S. M. Constantine,* for defendant.

McGRATH, C. J.   The parties were married in 1875, and have two children,—a daughter, 6 years of age, and a boy, 12.   They seem to have had more or less of domestic infelicity for some years past.   On September 24, 1891, they seem to have concluded that they could not longer live together, and thereupon  made a division of property, and  agreed to live apart.    The husband deeded to his wife 30 acres of land, and  gave her  some personal property, and two notes, of $200 each, which have been paid. Within a few days  thereafter, complainant filed a bill for an absolute  divorce, on  the  ground  of  extreme cruelty. After filing the bill, and  before any  further proceedings were had thereunder, both  parties seem to have relented; and they lived together for a few  days, when trouble was had, and they again separated.    Afterwards, on November 14, 1891, defendant filed her  answer, making counter allegations of extreme cruelty and drunkenness, setting forth that the division of property and defendant's release of her rights was brought about by threats, asking that her answer might be  treated as a cross-bill, and praying that the papers executed by her on September 24 might be set aside, and held for naught; that the complainant's bill be dismissed; and that she might have such other and further relief, etc.   In February, 1892, a replication was filed.   In June, 1892, a stipulation was filed, permitting complainant to file an amendment to his bill; and such amendment was filed, in which it was recited that it was by way of

supplement. It alleged the reconciliation, set up the defendant's subsequent conduct, and charged the fault of the separation upon her. Defendant answered the amended or supplemental bill, and a replication was filed. Complainant then answered the cross-bill. A large amount of testimony was taken, upon which the court dismissed complainant's bill, and granted defendant a divorce under her cross-bill; reserving the questions of costs, of permanent alimony, of whether the conveyances referred to should stand, and of the custody of the children, for further consideration. This determination was announced March 31, 1893. On July 14, 1893, after hearing the parties, the court made a decree awarding the custody of the daughter to defendant, and charging defendant with her daughter's maintenance, giving the custody of the son to complainant, and refusing to set aside the conveyances, or to grant further alimony. Defendant appeals. A number of questions are raised, which need not be detailed.

It is clear that the reconciliation did not operate to divest the court of jurisdiction. Defendant afterwards came in, and filed her cross-bill, made counter-charges, and upon her proofs the court gave her a decree. Nor was the cohabitation a bar to a divorce upon the ground of extreme cruelty. Even condonation of adultery is but a conditional forgiveness, and a repetition revives the offense. Puter. Mich. Ch. (2d ed.) 561, and cases cited.

It is insisted that the amendment or the supplemental bill was not verified as required by the statute, in that collusion was not negatived. The affidavit, however, to the original bill conforms to the statute in this respect.

It is also contended that the answer to defendant's cross-bill was not sworn to. This objection comes too late.

It is urged that the divorce should not have been granted, for the reason that defendant's cross-bill did not expressly pray for such relief, and, further, that—under

the rule that, where both parties are guilty of misconduct which constitutes a statutory cause for divorce, a divorce will not be granted to either—both bills should have been dismissed.   Here, however, defendant expressly denied all of the allegations of cruelty made by complainant, and the court may well have found, under the testimony, that the acts alleged against defendant were inspired by complainant's conduct.   Defendant made counter-charges of extreme cruelty and drunkenness, and several witnesses were called by her to support these charges.   The court, in the opinion filed, says that defendant, "under this answer and the proofs in the case, asks affirmative relief, and that a decree of divorce be granted to her."   A decree was afterwards prepared and filed, presumably by defendant, in accordance with this opinion.   Nearly four months after the filing of this opinion, the parties having been fully heard, the court determined the questions reserved, and it was not until after this determination that any question was raised.

It is suggested that the effect of the reconciliation was to avoid the conveyances which had been made; citing *Knapp v. Knapp*, 95 Mich. 477.   That inquiry is not material here.   The court granted a decree of divorce, and allowed the question of alimony to remain as the parties had themselves adjusted it.

We think, however, that the court should have made further provision for the support of the daughter, awarded to defendant's custody.   The maintenance of this child by defendant does not appear to have been contemplated at the time of the division of the property.   The decree will be modified in that respect, giving to defendant $2 per week, until the further order of the court, for the care and support of the daughter.   In other respects the decree is affirmed.   Defendant will recover costs.

The other Justices concurred.