## CREECH *v.* CREECH.

DIVORCE—CRUELTY—CONDONATION.

A claim of condonation in defense of a suit for divorce on the ground of extreme cruelty is not made effectual merely because no new misconduct constituting a cause for divorce ι is shown to have occurred subsequent to the alleged condonation, but it is necessary that the conditions upon which the condonation was granted should have been complied with by the offending party.

Appeal from Jackson; Peck, J. Submitted January 10, 1901. Decided April 16, 1901.

Bill by Mary J. Creech against David H. Creech for a divorce. From a decree for complainant, defendant appeals. Affirmed.

*Thomas E. Barkworth* and *F. C. Badgley*, for complainant.

*Blair, Smith & Townsend*, for defendant.

HOOKER, J. The defendant has appealed from a decree of divorce granted to his wife. His defense below was that some of the misconduct relied on for divorce had been condoned, and that he was not guilty of any act thereafter constituting a ground for divorce. The learned circuit judge said in an opinion filed by him that:

"I am satisfied from the evidence that sufficient of the charged acts of cruelty occurring before the alleged condonation are established to entitle the complainant to a decree as the case then stood. The defendant, however, claims that all acts of cruelty charged in the bill which occurred prior to the time when the parties resumed married relations were condoned by the agreement between the parties at the time that they began living together again. And this raises a question which is not easy of determination. I am satisfied that nothing

occurred after the parties resumed married life the last time which would entitle the complainant to a decree on the ground of extreme cruelty; but, as I understand the rule, to make the defendant's claim of condonation effectual it is not necessary that new acts which would be sufficient basis for a decree on the ground of cruelty should have occurred, but that it is sufficient to defeat the alleged condonation if the court can see that the conditional promise when the parties resumed their married relation, made by the defendant, was not in good faith carried out, so that, in view of all the circumstances, the relation of husband and wife could not, by reason of defendant's fault, be carried on or continued. Now, it is a doubtful question whether, under these facts, the claim of condonation ought not to be sustained; but, upon careful consideration, I have made up my mind that it is the duty of the court to overrule that contention, and to give the complainant a decree of divorce on the ground of cruelty."

The claim that condoned causes for divorce can only be revived by new misconduct constituting a cause for divorce is not sustained by the authorities. See 9 Am. & Eng. Enc. Law (2d Ed.), 826, and notes. Bishop says:

"All condonation, especially the implied, is upon the condition both that the offense shall not be repeated, and likewise that continually afterward the party forgiven shall treat the other with conjugal kindness; whereupon a breach of the condition revives the original right of divorce." 2 Bish. Mar., Div. & Sep. §§ 308, 309, and notes.

See, also, *Tackaberry* v. *Tackaberry*, 101 Mich. 102 (59 N. W. 400).

We are not fully satisfied that the condonation was proved. While the complainant returned to defendant's abode, the defendant alleges a refusal upon her part to cohabit with him; and his counsel urge that she has not, on that account, come into equity with clean hands, inasmuch as she has refused to carry out her agreement. But this is treating condonation as a matter of strict contract. It is more properly a question of whether the facts warrant the presumption that there was forgiveness, reconciliation, and reunion, and restoration of all marital

rights. See 2 Bish. Mar., Div. & Sep. § 271, and note; *Keats* v. *Keats*, 1 Swab. & T. 334; 9 Am. & Eng. Enc. Law (2d Ed.), 822, and note.

But, whatever may be thought of this question, we do not feel warranted in reversing the decree of the circuit judge, who saw the witnesses, and was in a more favorable position than we to judge of the merits of the case.

The decree is affirmed, with costs.

The other Justices concurred.