PIERSON *v.* ILLINOIS CENTRAL RAILROAD CO.

1. DAMAGES—TRESPASS—RAILROADS—CARRIERS OF PASSENGERS —
   EJECTING PASSENGERS.
       In an action for damages based upon a wrongful expulsion
       from a train of the defendant, in which the declaration did
       not put in issue the question of damages for the value of
       plaintiff's ticket, testimony as to the amount paid for the
       ticket is properly excluded.

2. EVIDENCE—SUBSEQUENT ACTS—RES GESTÆ.
       Testimony concerning a conversation held between the plain-
       tiff and defendant's conductor three hours after the plaintiff
       was ejected from defendant's train is inadmissible under a
       declaration which counts only on the ejection.

3. SAME—CONCLUSIONS—OPINION EVIDENCE.
       A statement by a witness that plaintiff groaned involuntarily
       is an inadmissible conclusion.

4. SAME—PRIVILEGED COMMUNICATIONS—HUSBAND AND WIFE.
       A divorced wife may not testify to diseases of her former
       husband of which she learned by communications during the
       marriage relation; the evidence being excluded as privileged
       under 3 Comp. Laws, § 10213

5. SAME—SAVING QUESTIONS FOR REVIEW.
       An objection that the testimony should be struck out, because
       the parties were husband and wife at the time covered by
       the testimony, sufficiently apprised the trial judge of the
       reason relied on.

Error to Calhoun; North, J. Submitted October 12,
1909. (Docket No. 54.) Decided December 10, 1909.

Case by John A. Pierson against the Illinois Central
Railroad Company for a wrongful ejection from defend-
ant's train. A judgment for defendant is reviewed by
plaintiff on writ of error. Reversed.

*Hatch & Anderson*, for appellant.

*Arthur B. Williams*, for appellee.

BROOKE, J. This is the second time this case has been

before this court for consideration.  The first decision is reported in 149 Mich. 167 (112 N. W. 923), where a sufficient statement of fact will be found.  The last trial resulted in a verdict and judgment for defendant.  Plaintiff brings the case here on writ of error.

Error is assigned by the plaintiff upon the refusal of the court to permit him to testify as to what he paid for the ticket; it being claimed by his counsel that, in any event, plaintiff should have recovered a judgment for the value of the ticket upon which transportation was refused. This claim cannot be maintained.  The action is brought solely to recover damages for the alleged wrongful expulsion from defendant's train.  Plaintiff has, no doubt, a right of action against defendant for the value of the unused portion of the ticket; but he has not chosen to put that matter in issue in this suit.

Plaintiff sought to give evidence of a conversation between himself and N. A. Ross (defendant's conductor), held at Ft. Dodge, about three hours after leaving Council Bluffs, the point at which he had been ejected from defendant's train.  This same testimony was offered at the former trial.  It was received, but afterwards stricken out.  In considering the question this court said: "It was received, but was stricken out as soon as its immateriality developed."  The defendant was there claiming that the taking of the testimony, and subsequently striking it out, constituted error.  The plaintiff at that hearing, having recovered a judgment below, was interested only in defending the action of the court upon which the judgment was predicated.  He now urges that the testimony was admissible.  An examination of the declaration shows that the plaintiff counts only upon the alleged wrongful acts of defendant committed at Council Bluffs. The testimony was properly excluded.

Error is assigned upon the action of the court in striking out the evidence of Gertrude Anderson:

"My father did not complain to me of suffering; but

I heard him groaning involuntarily, which continued some time after, till he left for Mt. Clemens."

There is no doubt that exclamations of pain may be proven where they are the natural and ordinary accompaniments and expressions of suffering. *O'Dea* v. *Railroad Co.*, 142 Mich. 265 (105 N. W. 746), and cases cited. But the witness had no means of knowing, and therefore could not properly testify, that the groaning was involuntary. No error was committed in striking out the testimony.

Plaintiff's 11th assignment of error is as follows:

" The court erred in permitting Gertrude Wilson, the divorced wife of plaintiff, to testify to confidential communications, communicated to her by plaintiff, while the marriage relation existed, and in refusing to strike out such testimony, upon motion made by one of plaintiff's attorneys, Mr. Salisbury, for that purpose; and the court also erred in permitting Gertrude Wilson to testify that, when she was living with plaintiff, as his wife, plaintiff was troubled with his back and constipation, that he often used plasters on his back, and that he was constantly taking mineral water for his constipation, and in refusing to strike such testimony out."

After the witness in question had testified to the fact that plaintiff had a weak back, wore plasters upon it, was troubled with constipation, and took bitter water from Mt. Clemens for that trouble, counsel for plaintiff interposed the following objection:

" *Mr. Salisbury:* I would like to put an objection on record. We object to any further testimony on the part of this witness, and ask to have the testimony thus far given stricken from the records, because the relation of husband and wife existed between the parties during the periods to which she testified.

" *The Court:* I think you may take the testimony until I study the case more carefully; if I desire to strike it out later, I will do so. Your objection may apply to further testimony, and to the refusal of the court to grant the motion to strike out."

The witness then testified:

" I never knew Mr. Pierson to be free from constipa-

tion, and, when he was home, he was always taking the water.    He used to refuse to ride in our carriage on account of hurting his back."

Section 10213, 3 Comp. Laws, so far as applicable, is as follows:

" Nor shall either [husband or wife], during the marriage or afterwards, without the consent of both, be examined as to any communication made by one to the other, during the marriage."

In the case of *Hagerman* v. *Wigent*, 108 Mich. 192 (65 N. W. 756), this court held the foregoing provision to be but declaratory of the common law, and that it referred only to communications, confidential in character, made by the husband or wife during coverture.    Such communications are inadmissible.    *Maynard* v. *Vinton*, 59 Mich. 139 (26 N. W. 401, 60 Am. Rep. 276); *Hitchcock* v. *Moore*, 70 Mich. 112 (37 N. W. 914, 14 Am. St. Rep. 474); *Carter* v. *Hill*, 81 Mich. 275 (45 N. W. 988).

It is therefore necessary to inquire whether the facts and communications, testified to by Gertrude Wilson, were such as to fall within the inhibition of the statute. We think they were.    The law is founded upon sound public policy, and its beneficent operation should not be frittered away by over refinement.    Defendant urges that the objection was not seasonably made, and that it was not in terms based upon the statute.    Neither contention has weight.    The trial court clearly understood the nature and force of the objection, and, after deliberation, allowed the testimony to stand.

Error is assigned upon the charge of the court.    We are of opinion that the charge carefully and properly instructs the jury as to the issues involved.    After consideration thereof, it has been deemed unnecessary to discuss the other assignments of error.

Because of the error pointed out, the judgment is reversed, and a new trial ordered.

BLAIR, C. J., and GRANT, MOORE, and McALVAY, JJ., concurred.