HAZELTON v. HAZELTON.

1. DIVORCE—EXTREME CRUELTY.

  After an examination of the evidence, it is *held* that the complainant is entitled to a divorce from his wife on the ground of extreme cruelty.

2. SAME—CONDONATION.

  Continuance of the marriage relation after the wife has been guilty of extreme cruelty, does not furnish a defense on the ground of condonation, unless the offense is not repeated and unless proper subsequent treatment is shown.

3. SAME—CUSTODY OF CHILD—INFANT.

  The custody of a child under fourteen years of age will be awarded to the mother, in divorce proceedings, in the absence of a showing of her unfitness to have the child.

Appeal from Wayne; Hosmer, J. Submitted April 19, 1910. (Docket No. 44.) Decided July 14, 1910.

Bill by William S. Hazelton against Julia V. Hazelton for a divorce. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*A. J. Groesbeck*, for complainant.

*Graves, Hatch & Wasey*, for defendant.

HOOKER, J. As this cause is for divorce, and is mainly a question of fact, it requires no lengthy discussion, especially as no possible good could follow the spreading of the differences of the parties upon the records of the court or the pages of its reports. The application is by the husband, and an earnest effort to familiarize ourselves with the testimony has induced the conviction that complainant has proved his case. Counsel for defendant say that the proof shows mere incompatibility. We think it shows more. That there was incompatibility is obvious enough,

but we think its manifestations on the part of the defendant amounted to extreme cruelty. It is contended that complainant is not entitled to a divorce, because of his condonation of defendant's misconduct. We are of the opinion that the case is well within the rule of *Greyts* v. *Creyts*, 133 Mich. 4 (94 N. W. 383). See, also, *Creech* v. *Creech*, 126 Mich. 267 (85 N. W. 726).

It appears that the parties have one child, which is with the mother. There is no evidence of unfitness on the part of the mother to have charge of it, and its custody will be awarded to her until it reaches the age of 14 years, or until the further order of the circuit court. No request for alimony or provision for the maintenance of the child has been made. We therefore recommit the case to the circuit court for further proceedings in this regard should application be made hereafter.

A decree in conformity to the above opinion may be taken, granting to complainant a decree of divorce from the bonds of matrimony, and allowing to defendant her expenses of printing, and a solicitor's fee of $75.

OSTRANDER, MOORE, BLAIR, and STONE, JJ., concurred.