EISTEDT *v*. EISTEDT.

1. DIVORCE—EXTREME CRUELTY—DEMURRER—PLEADING.

Where complainant's bill for divorce alleged that defendant left her home without excuse, leaving complainant and their two young children, and was gone for several days at a time, on some of these occasions consorting with other men, in two instances giving the dates and the places where she went, defendant's demurrer on the ground that there were no specific acts of cruelty with time, place, and circumstance alleged in connection therewith, cannot be sustained.

2. SAME—CONDONATION.

Where a spouse repeats an offense after condonation, the original offense is revived.

3. SAME—EVIDENCE—ADMISSIONS—STATUTES.

    Evidence of admissions of defendant to complainant that she had, while away, been to rooming houses with other men is not competent to establish that fact but must be sustained by some other testimony. 3 Comp. Laws, § 10213.

4. SAME—EVIDENCE.

    While the evidence shows that complainant was fond of his wife and made reasonable effort to get along with her, and that she was not without fault, yet the testimony was too meagre to justify the granting of a decree.

Appeal from Ottawa; Cross, J. Submitted April 8, 1915. (Docket No. 30.) Decided July 23, 1915.

Bill by William Eistedt against Maude Eistedt for divorce. From a decree for defendant, complainant appeals. Affirmed.

*Lillie & Lillie,* for complainant.

*Turner & Turner,* for defendant.

BIRD, J. Complainant instituted this proceeding to obtain a divorce from his wife, on the ground of extreme cruelty. The gist of the cruelty charge was that she would leave her home without excuse, and go to Grand Haven and Muskegon, and remain away from complainant and their two young children for several days at a time, and that on some of those occasions she consorted with other men, visiting rooming houses with them; that she was cross and quarrelsome and manifested no affection for the complainant. The defendant answered, denying the charges of cruelty, and included in her answer a demurrer. At the hearing complainant made his case upon the merits, but defendant elected to stand on her demurrer, which contained the following grounds:

(1) That there are no acts—no specific acts of cruelty alleged therein with time, place, and circumstances alleged in connection therewith.

(2) That the complainant's bill of complaint shows upon its face that in the spring and summer of the year 1913 there was a reconciliation and mutual forgiveness and condonation of any prior acts between the parties hereto, and that, in furtherance of such reconciliation and condonation, the parties lived together for over one year thereafter.

(3) That all of the alleged facts set up in complainant's bill of complaint does not constitute, under the laws of the State, grounds for a decree of divorce.

(4) That there are no grounds stated in said bill and sworn to by the complainant that would warrant the issuing of the injunction heretofore issued in this cause.

(5) That said complainant's bill of complaint does not, for reasons hereinbefore enumerated, make out a case for equitable cognizance.

1. This ground of demurrer cannot be sustained. It is alleged that defendant left her home without excuse, and this complainant and their children of tender age, and was gone for several days at a time, and on some of those occasions she consorted with other men, visiting rooming houses with them. If this charge were sustained by the proofs, the ground of extreme cruelty would be established. In two of these instances of going away, the dates are fixed, and the places where she went were alleged. This would admit proof of other instances, even though the dates were not fixed.

2. It is true that the bill shows upon its face that, after she went away on the second occasion, a reconciliation and condonation of the offenses complained of took place, and, had she kept faith with the complainant, the condonation would still be a good defense; but the bill also shows upon its face that she committed the same offense again. Under such circumstances, the original offenses were revived and may be used as a ground for divorce. *Tackaberry* v. *Tackaberry,* 101 Mich. 102 (59 N. W. 400) ; *Creech* v. *Creech,* 126 Mich. 267 (85 N. W. 726) ; *Ferguson* v. *Ferguson,* 145 Mich. 290 (108 N. W. 682). All of these cases hold that,

where the offense is repeated after the condonation, the original offenses are revived. We think this ground of demurrer must likewise be overruled. It is sufficient to say of the remaining ones that they are not well taken.

Even though the demurrer is overruled, the question still remains as to whether complainant has made such a case by his proofs as entitles him to relief. The charge of consorting with other men was sought to be sustained by admissions of defendant to the complainant shortly after she returned from one of her trips. It is claimed by the complainant that defendant admitted to him that she had, while away, been to rooming houses with other men, and remained for the night. We think this phase of the case must be sustained by some other testimony, if at all, as the claimed admissions are not competent to establish that fact. 3 Comp. Laws, § 10213; *People* v. *Bowen,* 165 Mich. 231 (130 N. W. 706), and cases cited. 3 Comp. Laws, § 8652, relaxes this rule so as to permit husband and wife to testify in divorce proceedings, except in cases where adultery is charged. Aside from the admissions of the defendant, there was only one other item of testimony which tended to establish the fact of her consorting with other men. This testimony was given by the brother of complainant, and was to the effect that he saw her drinking beer with a traveling salesman at a hotel in Muskegon, where she was working during one of the interims that she was away from home. The defendant was called as a witness by the complainant, and she denied consorting with or any misconduct with other men, and she explains that the occasion for her being away at the several times mentioned was a visit with her relatives in Muskegon and Grand Haven.

An examination of the record convinces us that the complainant was fond of his wife, and made reasonable

effort to get along with her. We are also of the opinion that, if the defendant ever had any affection for the complainant, she had lost it. It is also manifest from the undisputed testimony, and from her own admissions, that she failed to exhibit the motherly care and concern for her young children that is common to most mothers, and it is quite likely that it would be for the best interests of the parties, as well as for the public, if they were legally separated, but we think the testimony in this record is too meager to justify the granting of a decree of divorce.

The decree will be affirmed, with costs to the defendant.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, and STEERE, JJ., concurred.

MOORE, J., concurred in the result.

The late Justice MCALVAY took no part in this decision.