JOBB *v.* JOBB.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—SUFFICIENCY.

On a bill by a wife for divorce, evidence *held*, insufficient to show that defendant was guilty of extreme cruelty.

2. SAME.

Where a husband intentionally strikes his wife a severe blow on the stomach with his fist, and she is ill for several days as a result, he is guilty of extreme cruelty, so as to warrant a decree for divorce.

3. SAME—EXTREME CRUELTY—CONDONATION.

The act of a wife in discontinuing a suit for divorce on the ground of extreme cruelty and continuing to live with her husband, agreeing to forget the past, constitutes a condonation of the offense.

4. SAME.

Condonation of an act of extreme cruelty on the part of a husband towards his wife constitutes a complete defense in a subsequent suit where the acts have not been repeated and no other acts are relied upon.

Appeal from Alcona; Widdis, J. Submitted June 28, 1917. (Docket No. 101.) Decided December 28, 1917. Rehearing denied October 7, 1918.

Bill by Emily Jobb against George J. Jobb for a divorce. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Herman Dehnke*, for plaintiff.

*John H. Killmaster*, for defendant.

BIRD, J. The parties to this suit are husband and wife. Before their marriage both had been previously married and both had several children. They had resided in the city of Toledo for several years, and were married in that city in September, 1912. At that time defendant was about 50 years of age, and the inference from the record is that plaintiff was some-

what younger. They continued to reside in Toledo about two years after their marriage, after which they moved to their present home on a 40-acre farm in Hawes township, Alcona county. In July, 1915, plaintiff filed a bill in the Alcona circuit court praying for a decree of divorce on the ground of extreme cruelty. This suit never came to a hearing. Defendant was desirous that she should continue to live with him, and plaintiff testified that by reason of his good promises and advice of her counsel she finally consented to remain, and both agreed to forget their troubles. That suit was discontinued. Matters went along smoothly for a time, but finally lapsed into the old rut, and she filed this bill in which she set up substantially what she alleged in the first bill.

Two acts of personal violence are charged; one occasion being when they were having some controversy defendant took hold of her wrist and held it so firmly that it was black and blue for several days. The other occurred while they were in bed. Defendant struck plaintiff a blow on the stomach with his fist, which made her ill, and from which she did not recover for several days. Defendant explains the first-claimed assault by showing that plaintiff attacked him, and that he took hold of her wrist and held her so as to prevent her from injuring him. In reply to the second charge defendant explains that he was sleeping, and dreaming that he was fighting with a dog, and thinks it grew out of the fact that on the previous day he had parted two dogs that were fighting.

The remaining cruelty charges are made up of disagreements and quarrels over various things, such as depriving her of certain prerogatives about the house, his grumbling about household expenses, his dislike of company, his rudeness, his refusal to allow her to take the horse to go to town or to church, his refusal to furnish her with milk and cream on certain occasions. his disinclination to purchase things for the

house, and clothing for the plaintiff. These and other similar complaints were causes of most of the controversies. Many of the complaints were those which are not uncommon in households where strict economy is being practiced. Plaintiff is the owner of property in Toledo, from which she receives a monthly income, and not a little of their difficulty grew out of this fact. Defendant appeared to think that plaintiff ought to use her income in clothing herself.

After reviewing all the testimony in the record, we are not persuaded that we should disagree with the conclusions reached by the chancellor. He was of the opinion that relief should be denied and the bill dismissed. The charges of extreme cruelty outside of the acts of personal violence are not sustained. When considered in connection with defendant's explanations, they do not appear to be very serious. This cannot be said of the acts of personal violence.

The blow which plaintiff received while in bed, if shown to have been intentional, would have entitled her to relief in the first suit. Upon cross-examination she expressed herself as not being sure that his explanation was untruthful, but whether intentional or otherwise plaintiff condoned it when she discontinued her first suit and agreed to forget the past. There is no charge in the present bill that the acts of personal violence have been repeated, nor is there any other act of cruelty alleged since that time which would revive her right to count and rely upon the charges in her first bill. In view of this the condonation would appear to be a complete defense. *Eistedt* v. *Eistedt*, 187 Mich. 371 (153 N. W. 676). We think the chancellor reached the right conclusion.

The decree will be affirmed. No costs will be allowed either party.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.