LEWIS *v.* LEWIS.

1. DIVORCE—WITNESSES—HUSBAND AND WIFE.
    In a suit for divorce, testimony by the wife that the husband admitted to her that he had been unfaithful to her and had contracted a venereal disease was inadmissible to prove that fact under 3 Comp. Laws 1915, § 12555.

2. SAME—BEST INTEREST OF PARTIES AND PUBLIC INSUFFICIENT GROUNDS FOR DIVORCE.
    In a suit for divorce, where the showing on the bill and cross-bill was insufficient, a decree on the ground that it would be for the best interests of the parties and the public for them to be legally separated must be reversed; said grounds not being sufficient under the statute.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 17, 1922. (Docket No. 113.) Decided December 5, 1922.

Bill by H. Belle Lewis against Reuben W. Lewis for a divorce. Defendant filed a cross-bill asking for a divorce. From a decree for plaintiff, defendant appeals. Reversed, and bill and cross-bill dismissed.

*V. E. Van Ameringen,* for plaintiff.

*Baldwin & Alexander,* for defendant.

BIRD, J. Plaintiff filed her bill in the Washtenaw circuit court, praying for a decree of divorce on the ground of extreme cruelty. It appears from the proofs that the parties were married in February, 1911, and went to live at Manitou Beach, a resort town on the west shore of Devils Lake. Both parties were in middle life and plaintiff had been married twice and divorced before she married defendant. Defendant was engaged in keeping a bath house, renting boats and cottages at the resort. They lived and worked together about ten years, and during that time they accumulated considerable property. Plaintiff's averments of cruelty are of the most general character, but they will be briefly considered. They are:

*a.* That defendant is very untruthful and that she could not believe a word he said. She gave no instance where he had lied to her, although she was urged to do so. His neighbors came in and testified that his reputation for truth and veracity was good.

*b.* That defendant refused to buy clothes for her. She recited no instance when she had requested defendant to buy clothing and been refused. It appeared that the bank account was subject to her check as well as to his, and that if she desired clothing she

was at liberty to purchase it and pay for it out of the joint bank account.

*c.* That it was the aim of defendant by his conduct to make her sick and nervous and miserable so that she would die and he would get all the money they had accumulated.   There was no proof of this except plaintiff's testimony that defendant on one occasion admitted such was his intent.

*d.* That at times he threatened to kill plaintiff; that she is afraid to be near him, and is afraid he may attempt to carry out his threat.   This appears to be disposed of by her testimony on cross-examination that defendant never made any attempt of personal assault upon her and never used any personal violence on her.

*e.* That defendant has been unfaithful to her; that he associated with a Mrs. Schaffer, and that he contracted a venereal disease.   This is shown only by the claimed admission or confession of defendant.   Plaintiff says defendant confessed to her these facts.   This testimony is not admissible to prove that fact, under the holding in *Pierson* v. *Railroad Co.,* 159 Mich. 110; *People* v. *Bowen,* 165 Mich. 231; *Eistedt* v. *Eistedt,* 187 Mich. 371.   See statute, 3 Comp. Laws 1915, § 12555.

Plaintiff made some further charges, but they were very poorly supported.   She made a very poor witness in her own behalf.   Her testimony is weak, contradictory and not convincing, and most important of all, it lacks corroboration.   On several occasions in her testimony she contradicted herself while testifying upon important matters.   It appears from her own testimony and that of her neighbors that she did not marry defendant because she had any affection for him, but did so out of sympathy for him, as she says, and "out of spite," as some of the neighbors testified.

The chancellor who heard the case was of the opinion

the case was a weak one, but it would be for the best interests of all concerned if they were divorced. We quite agree with the chancellor that it would be for the best interests of the parties and the public if these parties were legally separated, and, if these were considerations upon which a divorce could be granted, we should be inclined to acquiesce in the decree. But, fortunately or unfortunately, these are not statutory grounds for divorce. The showing made by her is too weak to permit of a decree. Defendant, under his cross-bill, makes a better showing for a decree than plaintiff does, but his testimony lacks corroboration, except in a few particulars. We think that neither party made a case upon which a decree could be reasonably based.

The decree will be reversed, the bill and cross-bill dismissed. No costs will be given either party.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.