ZAKRZEWSKI *v.* ZAKRZEWSKI.

1. DIVORCE—APPEAL AND ERROR—QUESTIONS REVIEWABLE.
    On reviewing a decree denying plaintiff a divorce on the grounds of nonsupport and extreme cruelty, the Supreme Court will not discuss the latter charge where plaintiff testified that her only complaint was that defendant did not support her.

2. SAME—NONSUPPORT—HUSBAND NOT COMPELLED TO GO BEYOND INCOME.
    Where, in wife's suit for divorce on the ground of nonsupport, the record shows that plaintiff refused to live

———————————

¹Divorce, 19 C. J. § 472 (Anno); ²Id., 19 C. J. § 145 (Anno).

within defendant's income, he was not guilty of nonsupport because he did not furnish her with more, and she was properly refused a decree.

3. WITNESSES—NEITHER HUSBAND OR WIFE MAY TESTIFY AS TO NONACCESS.

Neither husband or wife living together in common-law marriage may give evidence of the nonaccess of the husband during the time in which a child of the wife must have been begotten.

4. BASTARDS—DIVORCE—EVIDENCE—SUFFICIENCY.

Husband's charge, in suit for divorce, that a daughter born to his wife while they were living together in common-law marriage was not his child, *held*, not established by competent evidence.

5. WITNESSES—DIVORCE—ADULTERY—TESTIMONY OF HUSBAND INADMISSIBLE—WIFE'S ADMISSIONS INADMISSIBLE.

Neither the husband's testimony (3 Comp. Laws 1915, § 12555), or the wife's admissions to her husband of the fact, are admissible in evidence on the issue of the wife's infidelity.

6. DIVORCE—EXTREME CRUELTY.

The decree of the court below granting the husband a divorce, on his cross-bill, on the ground of extreme cruelty, *held*, justified by the proofs.

Appeal from Wayne; Reid (Neil E.), J., presiding. Submitted October 22, 1926. (Docket No. 7.) Decided February 4, 1927.

Bill by Helen Zakrzewski against Casimir Zakrzewski for a divorce. Defendant filed a cross-bill for a divorce. From a decree for defendant, plaintiff appeals. Affirmed.

*Jenkowski & Chamski,* for plaintiff.

*Walter M. Nelson,* for defendant.

BIRD, J. These parties are Poles. Plaintiff is 33 and defendant 38 years of age. Both belong to the

[3]Witnesses, 40 Cyc. p. 2222; [4]Bastards, 7 C. J. § 15; Divorce, 19 C. J. § 360; [5]Id., 19 C. J. § 332; Witnesses, 40 Cyc. p. 2218; [6]Divorce, 19 C. J. § 367.

same church.   They met in 1913, became better acquainted in 1915, and were frequently in each other's company in 1919.   In May, 1919, they commenced to have sexual intercourse.   They obtained a license to marry in August, 1920, and were married in church in 1921.   They separated in May, 1922, and plaintiff filed her bill for divorce the same month.   Two children were born to them, one on September 15, 1920, another on July 6, 1922.   Plaintiff alleges in her bill extreme cruelty and nonsupport.   Defendant answered, denying her claims, and in a cross-bill charged her with extreme cruelty and infidelity.   The case was tried in February, 1925.   Plaintiff was denied relief and her bill dismissed, and defendant was given a decree of divorce on his cross-bill.   The custody of the children was given to plaintiff and $7 a week for their support.

Before the hearing ended plaintiff testified:

"The only complaint I have against my husband is that he did not support me.

"*Q.* In every other respect he was a good husband and a good man?

"*A.* Yes, sir."

In view of this testimony, it will be unnecessary to discuss her charge of extreme cruelty.

Is the charge of nonsupport established by the proofs?   Defendant was by trade a cabinet maker, easy going, sober and economical, and apparently in the habit of living within his means.   During most of the period in which they lived together his pay, when employed, ran from $10 to $13 per day.   He was laid off in 1920, when the industrial depression began. The latter part of 1920 and 1921 he was much of the time out of work, and could not always meet his bills.

Plaintiff came from a very modest home, but she soon developed extravagant tastes.   She was in love with a manner of living that defendant could not afford.

From a modest rental of $35 per month she rented a house or apartment, on East Grand Boulevard, at $75 per month. With a furniture house she obtained credit for the following furniture: Dining room suite, $850; front room suite, $750; curtains $300; Wilton carpets and other furniture amounting to about $1,100, making in all about $3,000. Besides these furnishings she ordered a single line telephone at a cost of $5 per month. The purchase of these articles indicates the . manner in which she desired to live. Instead of riding on the street cars she frequently called a taxicab. When admonished by defendant that he could not afford such expensive furniture she replied that she needed $400 a month to buy furniture, and $200 a month to run the house. Plaintiff's extravagant tastes kept her in financial difficulties. She borrowed money from the priest, $400 at one time, $300 at another, and $75 at another. She borrowed money from her father and other relatives and friends and still they were in debt for current bills. Had she been content to live within their income she would, doubtless, have had very little trouble, and no occasion to charge defendant with nonsupport. With tastes of living so far apart, it bred trouble, as it nearly always does. If a woman refuses to live within her husband's income, the husband is not guilty of nonsupport because he does not furnish her with more. We think the court was right in denying her relief on this ground.

Defendant charged that the daughter, Aurelia, was not his child. He testifies plaintiff told him the child was not his, but belonged to one Klafkowski. If it can be said to have been established, as claimed, that they were living together as man and wife by force of a common-law marriage, when Aurelia was born, this testimony was incompetent. It infringes the rule that neither husband nor wife may give evidence of the nonaccess of the husband during the time in which

the child must have been begotten.     *Egbert* v. *Green-walt,* 44 Mich. 245 (38 Am. Rep. 260) ; *People* v. *Case,* 171 Mich. 282.     Eliminating this incompetent testimony of defendant we think it leaves this charge without support.

Defendant charges infidelity on the part of his wife. Defendant's testimony is not admissible upon this issue (3 Comp. Laws 1915, § 12555).     Neither are her admissions of this fact to her husband admissible. *Eistadt* v. *Eistadt,* 187 Mich. 371.

There is not sufficient proof aside from defendant's to establish her relations with Klafkowski.     But, putting these two charges out of the case, we think there is sufficient remaining to support the conclusion of the chancellor on the question of extreme cruelty. The testimony shows she was extravagant, she got him hopelessly in debt, she failed and refused to get his meals.     His testimony is that he cooked more than she did.     She did not keep her house clean.     She taunted him by telling him he was not the father of her first child.     She told him that she knew something about the priest by which she could get money any time she chose.     She made him suspicious of her relations with other men.     She visited cabarets at night and drank liquor.     In fact, she conducted herself in such a way that she became impossible to him.     We think the chancellor was right in awarding him a decree on this ground.

The decree is affirmed, without costs.

Sharpe, C. J., and Snow, Steere, Fellows, Wiest, Clark, and McDonald, JJ., concurred.