## WHITE v WHITE

Docket No. 78-1334. Submitted August 3, 1978, at Detroit.—Decided September 21, 1978.

Sharon L. White commenced a divorce action against Harry D. White, Jr. A default judgment of divorce was entered on August 30, 1976. The custody of the two minor children was granted to the defendant.

Plaintiff subsequently moved for a change of custody of one of the children and also requested that the defendant be ordered to pay child support and medical and dental expenses when the change of custody became effective. The motion for change of custody was supported by an affidavit of the plaintiff's attorney, stating that the reasons and grounds stated therein were true to the best of his knowledge and that he believed the matters stated on information and belief to be true.

The defendant in his answer agreed to the change in custody proposed by the plaintiff. However, the defendant contended that he was financially unable to contribute support to the child in plaintiff's custody.

It was ordered that custody be changed, that the defendant pay $42 a week for the support of the child in plaintiff's custody, and that the defendant pay $150 in attorney fees for the plaintiff's attorney, Oakland Circuit Court, Francis X. O'Brien, J. The defendant appeals, alleging that the plaintiff's motion seeking the change of custody and child support was not properly before the trial court because it was not verified by the oath of the plaintiff or someone having knowledge of the facts pleaded. The defendant also alleges that the trial court erred in awarding the plaintiff attorney fees because she made no showing that the award was necessary to enable her to carry on the action. *Held:*

1. The motion was properly before the trial court as the

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 792 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation §§ 591, 592.
[3] 24 Am Jur 2d, Divorce and Separation §§ 573, 576, 586.

motion to change custody comports with the applicable court rule.

2. The award of attorney fees was improper, absent a showing that such an award was necessary to enable the plaintiff to carry on the action.

Affirmed in part, reversed in part.

1. INFANTS—CHILD CUSTODY—PLEADINGS—VERIFICATION OF PLEADINGS—INFORMATION AND BELIEF—COURT RULES.

A pleading in a child custody matter may be verified by someone, other than a party, having knowledge of the facts pleaded; this knowledge may be acquired upon information and belief (GCR 114.3).

2. DIVORCE—APPEAL AND ERROR—*De Novo* REVIEW—ATTORNEY FEES.

The Court of Appeals hears an appeal in a divorce case *de novo* on the record and will only substitute its judgment for that of the trial court where it is clear that the Court of Appeals would have reached a different result had it occupied the position of the trial court; this guideline of appellate review is applicable where the Court of Appeals is reviewing an award of attorney fees in a domestic relations action.

3. DIVORCE—SEPARATION—ATTORNEY FEES—STATUTES.

Attorney fees in an action for divorce or for separation are not awarded as a matter of right, but only if necessary to enable a party to carry on or defend the litigation (MCL 552.13; MSA 25.93).

*Alan G. Greenberg,* for plaintiff.

*Small, Oakes & Vosko,* for defendant.

Before: J.H. GILLIS, P.J., and D.E. HOLBROOK and R.M. MAHER, JJ.

PER CURIAM. A default judgment of divorce between the parties was filed on August 30, 1976. Custody of the parties' two minor children was granted to defendant.

Plaintiff moved for a change of custody of one of the parties' two children. Plaintiff also requested that the defendant be ordered to pay child support,

medical and dental expenses when the change of custody became effective.

The motion for change of custody was supported by an affidavit of plaintiff's attorney stating that the reasons and grounds stated therein were true to the best of his knowledge and that he believed the matters stated on information and belief to be true.

Defendant's answer acknowledged that he agreed to the change in custody proposed by plaintiff. Defendant contended, however, that he was financially unable to contribute support to the child in plaintiff's custody. He further argued that the plaintiff's motion was not properly before the trial court because it was not signed by the plaintiff and there was no showing that the affiant, plaintiff's attorney, had first-hand knowledge of the matter set forth therein.

The plaintiff's motion for change of custody was referred over defendant's objection to the Friend of the Court for a recommendation.

The plaintiff also moved the trial court to order the defendant to pay the attorney fees incurred by her while attempting to effectuate the change of custody order.

At a hearing on the motions, the trial court ordered that custody be changed and that defendant should pay $42 a week for the support of the child in plaintiff's custody. The trial court further ordered the defendant to pay $150 in attorney fees.

On appeal, defendant contends that the plaintiff's motion seeking change of custody and child support was not properly before the trial court because it was not verified by the oath of the plaintiff or someone having knowledge of the facts pleaded. He further argues that the trial court

erred in awarding plaintiff attorney fees because she made no showing that the award was necessary to enable her to carry on the action.

A special set of court rules, GCR 1963, 721 to 731, govern domestic relations proceedings, including child custody matters. GCR 1963, 721(6). Unless otherwise specified in these special rules, the procedure in the actions enumerated in GCR 1963, 721, shall follow the general rules of procedure.

GCR 1963, 725.1 provides that all pleadings seeking affirmative relief in actions described in rule 721 shall be verified by oath. The special rules applicable to domestic relations do not, however, contain a provision specifying how a pleading may be verified by oath. Thus, according to GCR 1963, 721, the verification procedure would be governed by the general rule of procedure, GCR 1963, 114.3, which provides:

"(1) If a pleading must be verified:

"(a) it may be verified by the oath or affirmation of the party or of someone having knowledge of the facts pleaded; or

"(b) it may contain the following signed and dated declaration: 'I declare that the statements above are true to the best of my information, knowledge and belief'.

"The matters in the pleading must be stated positively or upon information or belief, according to the fact.

"(2) A person who knowingly makes a false declaration under subrule 114.3(1)(b) is in contempt of court."

The foregoing court rule has been effective in its present form since September 3, 1976, and was thus applicable to the case at bar.

The clear import of this rule is that a custody pleading may be verified by someone, other than a

party, having knowledge of the facts pleaded; further, this knowledge may be acquired upon information and belief.

The affidavit in support of the plaintiff's motion to change custody appears to comport with GCR 1963, 114.3. Thus, the motion to amend the divorce judgment was properly before the trial court.

This Court hears an appeal in a divorce case *de novo* on the record and will only substitute its judgment for that of the trial court where it is clear that this Court would have reached a different result had this Court occupied the position of the trial court. *Irish v Irish,* 59 Mich App 635; 229 NW2d 874 (1975), *Mixon v Mixon,* 51 Mich App 696; 216 NW2d 625 (1974).

This guideline of appellate review is applicable where this Court is reviewing the award of attorney fees in a domestic relations action. *Gove v Gove,* 71 Mich App 431, 434; 248 NW2d 573 (1976).

MCL 552.13; MSA 25.93 provides in pertinent part:

"In every action brought, either for a divorce or for a separation, the court may require either party to pay alimony for the suitable maintenance of the adverse party, to pay such sums as shall be deemed proper and necessary to conserve any real or personal property owned by the parties or either of them, and to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency. It may award costs against either party and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver."

GCR 1963, 726.1 provides in pertinent part:

"(1) In an action for divorce, separate maintenance, annulment, or affirmation of marriage, and in subsequent petitions to modify the judgment, either party may request that the court order the other spouse to

pay an attorney the sum specified as necessary to enable that party to carry on or defend the suit.

"(2) The moving party shall allege facts showing that he or she is unable to bear the expense of the action without this aid. The trial judge may require the disclosure of what attorney fees have been paid.

"(3) The court may order, in the judgment or in a separate order, that whatever sum it finds necessary and reasonable be paid to the wife's attorney, either by the husband or out of the assets of the husband over which the court has jurisdiction."

Attorney fees are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation. *Mixon v Mixon, supra,* at 702.

Plaintiff's motion for attorney fees failed to allege any facts which support her allegation that she was unable to bear the expense of the action without the award. Moreover, there are not sufficient facts on the record from which this Court could determine her need for an attorney fee award. Plaintiff's answers to the interrogatories submitted by defendant do indicate her wages. However, there is no indication whether plaintiff had assets or income from sources other than wages. Further, there is no record of plaintiff's expenses. In the absence of these facts, this Court cannot make an independent determination of the plaintiff's ability to bear the expense of the action.

The trial court's order amending the judgment of divorce is affirmed insofar as it ordered a change in child custody and payment of child support. The award of attorney fees is, however, set aside. Plaintiff is not precluded from filing a new motion in the trial court setting forth those factors which she believes require defendant to pay an attorney fee. The court shall decide the matter in accordance with the guidelines set forth

in *Gove v Gove, supra.* No costs, neither party having prevailed in full.