MUMAW v MUMAW

Docket No. 61253. Submitted October 20, 1982, at Detroit.—Decided March 10, 1983. Leave to appeal applied for.

Plaintiff, William P. Mumaw, was divorced from defendant Whitney E. Mumaw in the Wayne Circuit Court, Theodore R. Bohn, J. In the divorce judgment, the trial court awarded joint custody of the parties' two children with physical custody in the plaintiff-father. The defendant-mother was granted weekend visitation privileges during the school year from 6 p.m. Friday to 6 p.m. Sunday. In addition, the trial court awarded defendant $2,000 in attorney fees. Plaintiff appealed. *Held:*

1. The trial court made findings of fact and conclusions of law which were adequate and proper.

2. The trial court's observation that both parties were equally at fault was surplusage. Whether or not that observation was against the great weight of evidence is immaterial.

3. The trial court did not abuse its discretion in awarding joint custody.

4. The trial court did not err in suggesting to defendant that she might be able to get physical custody of the children in the future if she found employment and established a home.

5. The court did not abuse its discretion in making the visitation award. The award leaves plaintiff adequate time to spend with his children.

6. The court erred in refusing to allow plaintiff to cross-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 4 Am Jur 2d, Appeal and Error § 136.
    24 Am Jur 2d, Divorce and Separation §§ 791, 793.
[2] 24 Am Jur 2d, Divorce and Separation § 228.
[4] 24 Am Jur 2d, Divorce and Separation § 783.
    42 Am Jur 2d, Infants § 43.
    59 Am Jur 2d, Parent and Child § 32.
[5] 24 Am Jur 2d, Divorce and Separation § 801.
    59 Am Jur 2d, Parent and Child § 45.
[6] 2 Am Jur 2d, Adultery and Fornication § 41.
    41 Am Jur 2d, Husband and Wife §§ 488, 514.
[7] 62 Am Jur 2d, Process § 32.
[8] 24 Am Jur 2d, Divorce and Separation § 573.
[9] 24 Am Jur 2d, Divorce and Separation § 571.

examine defendant about her alleged extramarital affair. The statutory bar to a spouse's testimony in an action instituted by a spouse in consequence of adultery has been superseded by the Rules of Evidence.

7. The court properly quashed a subpoena served by plaintiff. A party to an action is not competent to serve a subpoena in that action.

8. Attorney fees in an action for divorce are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation. The trial court did not err in awarding attorney fees.

Affirmed.

1. PARENT AND CHILD — APPEAL — FINDINGS OF FACT — CONCLUSIONS OF LAW.

A trial court, in deciding a custody matter, must make findings of fact and conclusions of law sufficient to allow a reviewing court to determine whether the findings of fact were against the great weight of evidence, whether a palpable abuse of discretion occurred or whether a clear legal error was made.

2. DIVORCE — FAULT.

The fault of the parties plays no part in the adjudication of a divorce action; a trial court's finding of mutual fault is surplusage where it also found that there had been a breakdown in the marriage relationship to the extent that the objects of matrimony had been destroyed and there was no reasonable likelihood that the marriage could be saved (MCL 552.6; MSA 25.86).

3. PARENT AND CHILD — CHILD CUSTODY — APPEAL.

Review of the trial court's determination in a child custody case is *de novo,* but the reviewing court must affirm a judgment granting custody of a child unless it finds that the trial court committed clear legal error in making the decision, made findings of fact against the great weight of the evidence, or committed a palpable abuse of discretion.

4. PARENT AND CHILD — CHILD CUSTODY ACT.

A trial court, in determining child custody, must determine what is in the best interests of the child by evaluating 11 factors set out in the Child Custody Act (MCL 722.23, 722.25; MSA 25.312[3], 25.312[5]).

5. PARENT AND CHILD — VISITATION.

A trial court did not abuse its discretion in granting a non-

custodial mother visitation from 6 p.m. Fridays to 6 p.m. Sundays during the school year.

6. HUSBAND AND WIFE — WITNESSES — ADULTERY — RULES OF EVIDENCE.

The statutory bar to a spouse's testimony in an action instituted by a spouse in consequence of adultery has been superseded by the Rules of Evidence (MCL 600.2162; MSA 27A.2162; MRE 601).

7. PROCESS — SERVICE OF PROCESS — SUBPOENAS.

A party to an action is not competent to serve a subpoena in that action (GCR 103[1], 105, 506.5).

8. DIVORCE — APPEAL — ATTORNEY FEES.

The Court of Appeals hears an appeal in a divorce case *de novo* on the record and will only substitute its judgment for that of the trial court where it is clear that the Court of Appeals would have reached a different result had it occupied the position of the trial court; this guideline of appellate review is applicable where the Court of Appeals is reviewing an award of attorney fees in a domestic relations action.

9. DIVORCE — ATTORNEY FEES.

Attorney fees in an action for divorce are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation.

*Acevedo & Baggott* (by *Ruth B. Acevedo),* for plaintiff.

*Shpiece & Wheeler* (by *R. Marie Wheeler),* for defendant.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. The parties were divorced. In the divorce judgment, the trial court awarded joint custody of the parties' two children with physical custody in the plaintiff-father. The defendant-mother was granted weekend visitation privileges during the school year. In addition, the trial court

awarded defendant $2,000 in attorney fees. Plaintiff appeals by right, raising in this Court nine claims of error.

Plaintiff argues, first, that the trial court failed to make adequate findings of fact and conclusions of law for each factor enumerated by the Child Custody Act, MCL 722.23; MSA 25.312(3). This Court reviews child custody cases to determine whether "the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error". MCL 722.28; MSA 25.312(8). *Baker v Baker,* 411 Mich 567; 309 NW2d 532 (1981). The trial court, therefore, must make findings of fact and conclusions of law sufficient to allow this appellate review. *Carnes v Sheldon,* 109 Mich App 204, 218; 311 NW2d 747 (1981). After reviewing the trial court's opinion in the instant case we conclude that it made proper findings of fact for each factor set out in the statute and made proper conclusions of law.

Second, plaintiff complains that the trial court's finding that both parties were equally at fault for the breakdown of the marriage is against the great weight of the evidence. This claim of error has no significance. Since the inception of Michigan's "no-fault" divorce law, MCL 552.6; MSA 25.86, the fault of the parties plays no role in adjudicating a divorce action. Instead, a divorce shall be granted when "evidence is presented in open court that there has been a breakdown in the marriage relationship to the extent that the objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved". The trial court found that such evidence had been presented. Its finding of mutual fault is surplusage and does not affect the validity of the judgment of divorce.

Third, the plaintiff contends that the trial court erred in awarding joint custody. We must affirm the trial court's order of custody "unless we find that the trial court committed clear legal error in making that order, made findings of fact against the great weight of the evidence, or committed a palpable abuse of discretion". *Baker v Baker, supra,* p 574. The trial court is to award custody in accordance with the best interests of the child. MCL 722.25; MSA 25.312(5). To determine the child's best interests, the court must consider, evaluate, and determine 11 factors set out in the statute. MCL 722.23; MSA 25.312(3). Plaintiff argues that the trial court's findings as to many of these factors were against the great weight of the evidence. After reviewing the record, we must disagree. In particular, we cannot agree that there was insufficient evidence supporting the trial court's finding that defendant had the love and affection of her children and its finding that defendant is morally fit to have custody. The only evidence to the contrary came from the testimony of Suzy Stebbins. The trial court did not find that her testimony was credible. We give great weight to the trial court's findings where the trial judge saw the witnesses and heard the testimony. *Shelters v Shelters,* 115 Mich App 63, 66-67; 320 NW2d 292 (1982). We will not disturb the trial court's decision to discount Stebbins's testimony. Plaintiff also urges that the trial court abused its discretion in deciding that joint custody was in the best interests of the children. MCL 722.26a; MSA 25.312(6a) authorizes the trial court to consider awarding joint custody. The trial court, we are convinced, did not abuse its discretion in ordering joint custody.

Fourth, plaintiff argues that the trial court erred in suggesting that the defendant might be

able to obtain physical custody of the children in the future if she found employment and established a home. The trial court, as the record reveals, was merely explaining to the parties that, while at the present time awarding physical custody to plaintiff was in the best interests of the children, certain changes in the defendant's circumstances might allow shifting custody to her. A child custody order may be modified because of change of circumstances, MCL 722.27; MSA 25.312(7). The trial court did not err by explaining to the parties a legally cognizable reason for modifying its custody order.

Fifth, the plaintiff asserts that the trial court abused its discretion in awarding defendant the right to visit with the children from Fridays at 6 p.m. until Sundays at 6 p.m. during the school year. We do not agree. The visitation schedule leaves plaintiff with adequate time to spend with his children.

Sixth, the plaintiff maintains that the trial court erred in refusing to allow plaintiff to cross-examine defendant about her alleged extramarital affair. The trial court ruled that parties to a divorce suit may not testify as to the issue of adultery by virtue of MCL 600.2162; MSA 27A.2162, which provides in pertinent part:

"[I]n any action or proceeding instituted by the husband or wife, in consequence of adultery, the husband and wife shall not be competent to testify."

The statute has been construed to prohibit a spouse from testifying on the issue of adultery in a divorce action, *Eistedt v Eistedt,* 187 Mich 371; 153 NW 676 (1915); *Lewis v Lewis,* 221 Mich 73; 190 NW 689 (1922); *Zakrzewski v Zakrzewski,* 237

Mich 459; 212 NW 80 (1927), in a suit for alienation of affections, *Knickerbocker v Worthing,* 138 Mich 224; 101 NW 540 (1904), and in an action for criminal conversation, *Hanselman v Dovel,* 102 Mich. 505; 60 NW 978 (1894). The principle emerging from these cases is that, where, in an action or proceeding initiated by a spouse, the adultery of one spouse is raised as an issue, neither husband nor wife is competent to testify on the issue. Nevertheless, the Michigan Rules of Evidence, adopted by our Supreme Court in 1978, provide:

"Unless the court finds after questioning a person that he does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness except as otherwise provided in these rules." MRE 601.

The Supreme Court's rule-making power in matters of practice and procedure is superior to that of the Legislature. Const 1963, art 6, § 5. The rules of practice and procedure include the rules of evidence. *Perin v Peuler,* 373 Mich 531, 541; 130 NW2d 4 (1964). See, also, *Kirby v Larson,* 400 Mich 585, 598; 256 NW2d 400 (1977) (opinion of WILLIAMS, J.). MRE 601 establishes the general rule that all persons are competent to testify. The Michigan Rules of Evidence nowhere depart from this policy by providing that a husband and wife are incompetent to testify under the conditions specified in MCL 600.2162; MSA 27A.2162. Consequently, that statutory bar of incompetency has been superseded by the Michigan Rules of Evidence. The trial court erred, therefore, in prohibiting the defendant from testifying on the issue of adultery on the ground that she was incompetent to so testify. This error, however, does not require

us to disturb the trial court's child custody award. In light of the other evidence presented on the issue of defendant's adultery, the exclusion of defendant's testimony on the topic could not have prejudiced plaintiff.

Seventh, plaintiff complains that the trial court erred in excluding cumulative evidence of defendant's alleged adultery. The trial court may in its discretion exclude evidence the probative value of which is outweighed by its cumulative character. MRE 403. We find that the trial court did not abuse its discretion.

Eighth, plaintiff argues that the trial court erred in quashing service of the subpoena on the defendant's alleged paramour. The trial court so ruled because the plaintiff served the subpoena on this individual. Thus, the issue is whether a party may serve a subpoena on a witness. The Michigan General Court Rules of 1963 do not directly address this issue. We find, however, that the Supreme Court, in adopting these General Court Rules, must have intended to bar a party from serving a subpoena. Our conclusion is supported by two considerations. First, GCR 1963, 506.5 strongly suggests that the same rules govern the service of a subpoena as govern the service of a summons and complaint. That rule states that a "subpoena shall be served in the manner provided by Rule 105 for the service of summons and complaint". GCR 1963, 105 specifies who may receive a summons and complaint, not who may serve these papers. That task is left to GCR 1963, 103(1):

"Process in civil actions may be served by any person of suitable age and discretion who is not a party * * *."

Because no court rule specifies who may serve a subpoena, the parallel structure of the rules cover-

ing persons receiving process and subpoena established in GCR 1963, 506.5 should be extended to the rules governing persons serving these documents. Thus, GCR 1963, 103(1) should apply to service of subpoena as well as process.

Second, the reasons underlying the prohibition against a party serving a summons and complaint also dictate that, as a matter of policy, a party should not be permitted to serve a subpoena. Those reasons are well-stated in the Committee Notes to GCR 1963, 103(1):

"It is submitted that permitting a party to make service is undesirable as a matter of policy. Under the proposed revision, any person of suitable age and discretion can serve process. With such a broad provision it should not be difficult to find a process server. A party to an action has a vital interest in the outcome of the litigation. It is conceivable that situations would arise wherein a party, if allowed to make service himself, would be subjected to strong temptation to falsify the facts of service in order to accomplish a result, such as tolling the statute of limitations. Such an avenue of temptation should not be left open to parties, in view of their intimate and direct interest. It also seems apparent that a party's recital of service would be much more amenable to attack, because of this interest. Therefore it is believed desirable to eliminate parties from the category of persons competent to serve process, and this result is embodied in the instant provision."

Reproduced in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 53. Similarly, a party's interest in the outcome of his lawsuit may tempt him to falsify the facts surrounding the service of a subpoena so that he may introduce the testimony of a favorable witness. A party's interest also makes him vulnerable to any challenge to the validity of the service of subpoena.

For the above reasons, we hold that the Michigan General Court Rules of 1963 should be construed to bar a party from serving a subpoena. Accordingly, the plaintiff's service of a subpoena on defendant's alleged paramour was ineffective. The trial court, therefore, did not err in quashing the subpoena.

Finally, plaintiff urges that the trial court erred in awarding $2,000 in attorney fees to defendant. We will not disturb a trial court's award of attorney fees unless "it is clear that this Court would have reached a different result had this Court occupied the position of the trial court". *White v White,* 86 Mich App 98, 102; 272 NW2d 202 (1978). In a domestic relations action, attorney fees are awarded only if required to enable a party to carry on or defend the litigation. *White v White, supra,* p 103; *Mixon v Mixon,* 51 Mich App 696, 702; 216 NW2d 625 (1974); GCR 1963, 726.1. The record discloses that defendant needed an award of attorney fees to defend this lawsuit. She was unemployed and had little outside income. The $31,000 in cash, awarded to defendant in lieu of her interest in the marital home, was necessary to pay for her living expenses during her readjustment period. Thus, we do not find that the trial court erred in its award of attorney fees.

Affirmed. Defendant may tax costs.