CHARLES N. AYRES v. GEORGE GARTNER, CIRCUIT
JUDGE OF WAYNE COUNTY.

*Divorce—Pleading—Verification—Mandamus.*

1. The requirement of How. Stat. § 6232, as amended by Act No. 137, Laws of 1887, that the oath or affirmation administered to the complainant in swearing to a bill for divorce shall negative the existence of any collusion, understanding, or agreement whatever between the affiant and the defendant in relation to the application for divorce, is *mandatory*, and its absence cannot be waived by any act of the defendant.

2. *Mandamus* will lie to compel the granting of a motion to dismiss a bill for divorce, the oath to which fails to contain the statutory non-collusion clause, made by the defendant after an appearance and answer, and to dissolve a preliminary injunction granted on filing the bill, no motion to amend or order directing an amendment having been made.

*Mandamus.* Argued March 1, 1892. Granted March 2, and opinion filed March 3, 1892.

Relator applied for a *mandamus* to compel the respondent to dismiss a bill for divorce, etc., for want of the statutory verification. The facts are stated in the opinion.

*Frank B. Leland,* for relator.

*Dickinson, Thurber & Stevenson,* for respondent.

PER CURIAM. Section 6232 of Howell's Statutes, as amended in 1887,[1] provides that—

"No divorce shall be decreed in any case when it shall appear that the petition or bill therefor was founded in or exhibited by collusion between the parties; and the oath or affirmation administered to the complainant in

---

[1] Act No. 137, Laws of 1887.

swearing to such petition or bill shall, in addition to all other legal requirements, recite the following: 'And you do solemnly swear (or affirm) that there is no collusion, understanding, or agreement whatever between yourself and the defendant herein in relation to your application for divorce.'"

Complainant filed her bill for divorce, and obtained a preliminary injunction thereon, but the oath to the bill did not contain the recitation required by the statute. Defendant appeared, answered, and afterwards moved for a dissolution of the injunction, which motion is undetermined. Other counsel has since been employed by defendant, and a motion was made to dismiss the bill because of the failure to comply with the statutory provision above recited. The court denied the motion, and this is an application for a *mandamus* to compel the court to dismiss the bill and dissolve the injunction. No testimony has been taken upon the merits.

The writ must issue as prayed.

This is a statutory requirement, and is mandatory. Chancery Rule No. 95 requires bills for divorce to be verified by the oath of complainant; and, as was said in *People v. McCaffrey*, 75 Mich. 123, the statute gives this rule the force and effect of statute law.

No motion to amend has been made, nor has any order been made directing an amendment, although a motion was made to dismiss because of this defect.

Nor can this defect be waived by any act of defendant. The policy of the statute is to prevent collusive proceedings between the parties for divorce. If in the power of defendant to waive the provision, the statute may be easily nullified.