BOWLER *v.* BOWLER.

1. Divorce—Supreme Court—De novo Hearing on Record.
   The Supreme Court hears divorce cases *de novo* upon the record but gives great weight to the findings of fact by the circuit judge, where he sees the witnesses and hears the testimony.

2. Same—Due Process—Custody of Children—Modification of Decree—Hearing.
   Plaintiff wife who was not denied an opportunity to introduce any evidence at hearing in trial court on husband's petition to modify decree of divorce as to custody of their 3 minor children was not denied the rudiments of due process.

References for Points in Headnotes
[1] 3 Am Jur, Appeal and Error §§ 815, 858.
[2] 17A Am Jur, Divorce and Separation § 850.
[4] 17A Am Jur, Divorce and Separation §§ 829, 830.
[5, 7] 17A Am Jur, Divorce and Separation § 839.
[8] 3 Am Jur, Appeal and Error § 1218 *et seq.*

3. SAME—REPORT OF FRIEND OF THE COURT—ADMISSION INTO EVIDENCE BY CONSENT.

> The admission of the report of the friend of the court by consent of both parties to proceeding on petition to modify decree of divorce as to custody of children was not legal error, since the practice represents merely the admission of a record stipulated to by all parties.

4. SAME—VISITATION RIGHTS—CONTEMPT.

> Plaintiff wife who admittedly violated defendant husband's visitation rights of their minor children was clearly subject to punishment upon a finding of contempt of court.

5. SAME—CUSTODY OF CHILDREN—VISITATION RIGHTS.

> Plaintiff wife's admitted violations of defendant husband's visitation rights with their 3 minor children *held,* not to have constituted sufficient grounds for transfer of their custody to him, particularly where the record contains plaintiff's promise to obey the court order.

6. SAME—CUSTODY OF CHILDREN—FINDING OF MENTAL ILLNESS—EVIDENCE.

> Record on appeal from order made after hearing on defendant husband's petition to modify decree of divorce as to custody of 3 minor children *held,* not to contain the minimum factual requirements for a finding of mental illness on the part of plaintiff wife, where such finding is supported by diagnostic letters of 2 of the psychiatrists but is opposed by the letter of the third psychiatrist and by all of the balance of the evidence in the case (CLS 1954, § 330.21).

7. SAME—CUSTODY OF CHILDREN—MODIFICATION OF DECREE—EVIDENCE.

> Trial court's order transferring custody of 12-, 8-, and 7-year-old children from mother to father *held,* without adequate basis in record made at hearing, where neither parent testified, none of the children were seen by the trial judge either in court or in chambers and only evidence presented was the report and recommendations by the friend of the court, admitted by consent, but recommendations were not concurred in by the court.

8. SAME—CUSTODY OF CHILDREN—MODIFICATION OF DECREE—REMAND FOR FURTHER PROCEEDINGS.

> Petition for modification of decree of divorce as to custody of 3 minor children of the parties is remanded to trial court for further proceedings, where order made transferring their custody from mother to father was without proper substantia-

tion but complied with by mother before filing of appeal or seeking a stay of proceedings, the vacation of order made to be effective 30 days from date of Supreme Court's order in the absence of further proceedings prior to the expiration of such time.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted June 6, 1957. (Docket No. 26, Calendar. No. 46,838.) Decided March 5, 1958.

Following a decree of divorce granted Eleanore Bowler from William C. Bowler, the defendant petitioned for modification granting him custody of children. Decree so modified. Plaintiff appeals. Reversed and remanded.

*Henry Thumin* (*Meyer Weisenfeld*, of counsel), for plaintiff.

*Anthony G. Jeffries*, for defendant.

EDWARDS, J. This is a bitter controversy between a husband and his wife over the custody of their 3 minor children following divorce. The wife obtained both divorce and custody of the children in March, 1955. The grounds for the divorce were extreme and repeated cruelty, and the decree was obtained by plaintiff after the husband withdrew his answer and cross bill and his objections to the award of legal custody of the children to his wife.

On October 12, 1955, however, the husband initiated the present proceeding by a petition to modify the decree of divorce, alleging (1) that his wife was violating the decree by denying his visitation rights; and (2) that his wife was "mentally deranged and unstable and that she is in urgent need of psychiatric treatment."

This petition was referred by the circuit judge to the friend of the court for investigation and for the

taking of testimony. A previous order to show cause
directed to the plaintiff for her alleged refusal to
allow the defendant the visitation rights called for
by the decree was likewise referred to the friend of
the court.

Subsequently a referee of the friend of the court's
office conducted a hearing on these issues. He took
testimony from 4 family acquaintances bearing on
the wife's fitness for custody of her children, and re-
ceived in evidence by consent of both parties diagnos-
tic letters from 3 psychiatrists who had examined
the wife. Two of these letters expressed opinions
that the wife was mentally ill. The other found her
"competent, very intelligent,   *   *   *   reasonable,
and   *   *   *   a very good mother to her children."

Following the referee's hearing referred to above,
the friend of the court presented to the circuit
judge the following recommendation:

### "Recommendation

"The husband withdrew his objection to the award
of legal custody of the minor children to the wife
prior to the entry of the decree. His testimony
clearly shows that he has no knowledge of any of
the wife's activities since that time. There is also
no affirmative evidence of improper care of the
children since the entry of the decree other than in
relation to the question of visitation. The psychi-
atric reports all show that there is some question in
relation to the wife's mental condition. However, the
doctors involved have disagreed as to the severity of
the situation and the necessary treatment. Counsel
have submitted the case on the basis of the letters of
the physicians, and the referee has not had the oppor-
tunity of hearing their testimony.

"No defense has been submitted to the order to
show cause, and the wife has agreed to comply with
the terms of the decree regarding visitation in the
future.

"It is recommended that the plaintiff wife be held to be in contempt of court for violation of the decree regarding visitation and placed on probation to comply with the terms of the decree.

"It is further recommended that the petition of the defendant husband for custody of the minor children be denied without prejudice to its reinstatement if the wife violates the order of probation.

"It is further recommended that periodic inspection of the wife's home be made by the friend of the court and that the wife be restrained from removing the children from the jurisdiction of the court until the further order of the court."

Petitioner in these proceedings, the defendant father, objected to the recommendation of the friend of the court, and a hearing was held before the circuit judge. This record discloses that at that hearing the complete report of the friend of the court, including copies of the 3 letters from the 3 psychiatrists referred to, was received in evidence apparently without objection, and counsel for both parties were allowed oral argument.

The record does not disclose, however, that a word of testimony was taken before the circuit judge, or that he saw or heard from any 1 of the 5 persons whose fate he was deciding.

At the conclusion of oral argument, the circuit judge entered an order for modification of the divorce decree. The relevant portions of this decree are quoted below:

"The petition of the defendant husband to modify the decree so as to award him custody of the 3 minor children, and also an order to show cause against the plaintiff wife alleging violation of the decree as to visitation privileges, coming on for hearing, and the court being fully apprised by a comprehensive report filed by Hazen E. Kunz, friend of the court, by Archibald W. Brighton, friend of the court referee, dated February 7, 1956, and by argument

in open court by counsel for the respective parties, and after due consideration thereof, the court finds that the plaintiff, Eleanore Bowler, did refuse and prevent the defendant William C. Bowler, from visiting with his 3 children on September 4, 11, 18, 23, and on October 9, 1955, in direct violation of the decree of this court, and this court does hereby find and hold the said plaintiff, Eleanore Bowler, to be in contempt of court. The court further finds that the plaintiff, Eleanore Bowler, is suffering from a paranoid psychosis which is chronic with active delusions; that she should be institutionalized for care and treatment.; and that her insight and judgment are definitely impaired. The court further finds that it is not to the best interest of the 3 minor children to have the plaintiff, Eleanore Bowler, continue to have the care, custody, control and education of the 3 minor children, and that said care, custody, control and education should be changed and awarded to the defendant, William C. Bowler, the father, who is in position to provide his 3 minor children with a fine home."

Plaintiff wife appealed to this Court from the terms of the modification outlined above, alleging that the circuit judge committed manifest error by his finding that plaintiff was suffering from a paranoid psychosis with active delusions, upon inspection of 3 conflicting diagnostic letters from psychiatrists, without the taking of any testimony in open court. Plaintiff wife likewise complains that the modification of the divorce decree, and the overruling of the recommendation of the friend of the court, without the taking of any testimony before the circuit judge, and without plaintiff being given the right to cross-examine the medical witnesses in open court, represented a deprivation of due process.

On an appeal to this Court concerning a decree of divorce, we hear the matter *de novo* upon the record. But where the circuit judge saw the witnesses and heard the testimony, we give great weight to his

findings of fact. *Hartka* v. *Hartka,* 346 Mich 453; *Brugel* v. *Hildebrant,* 332 Mich 475; *Donaldson* v. *Donaldson,* 134 Mich 289.

Unfortunately, in this instance, we have no record of testimony taken before the circuit judge upon which his findings of fact were based.

It is true that the circuit judge had before him for his assistance a competently-prepared report of the friend of the court. This Court by no means underestimates the importance of careful home investigation, or the timesaving aspect of a friend of the court referee hearing. In many instances, such proceedings succeed in arriving at dispositions satisfactory to both parties and the entry of consent decrees or modifications.

Further, the circuit judge was authorized by statute to have this report prepared, and to consider its recommendations in his ultimate determination of the petition. CL 1948, § 552.253 (Stat Ann 1957 Rev § 25.173). In *Metzinger* v. *Metzinger,* 310 Mich 335, 339, this Court upheld the provisions of this statute:

"Further, defendant was not, by the reference to the friend of the court, deprived of a hearing before the trial court. Instead a full and fair hearing before the court was afforded defendant as to the action the trial court would take in considering the recommendations of the friend of the court and such testimony as the trial court might see fit to take. The practice and procedure followed in the instant case is fully justified by statutory provisions. See CL 1929, § 12783 *et seq.,* as amended (CLS 1940, 1943, § 12783 *et seq.,* Stat Ann 1944 Cum Supp § 25.171 *et seq.*).* We are not in accord with defendant's contention that for the reason hereinbefore noted— *i.e.,* denial of due process, the cited statute is unconstitutional."

---

* Presently, CL 1948, § 552.251 *et seq.* (Stat Ann 1957 Rev § 25.171 *et seq.*).—REPORTER.

We note, however, that the finding above is based upon "a full and fair hearing before the court * * * as to the action the trial court would take in considering the recommendations of the friend of the court." And in our present matter appellant vehemently contends that no such hearing was had, and that her right to due process was violated.

We believe that the rudiments of due process were observed in the hearing below. There is no indication that appellant sought to introduce any evidence, or was denied opportunity to do so. While this Court has repeatedly held that the report of the friend of the court is not admissible as evidence over proper objection (*Sweet* v. *Sweet,* 329 Mich 251; *Brugel* v. *Hildebrant, supra*), we find no legal error in such admission by consent, since this practice represents merely the admission of a record stipulated to by all parties.

It is obvious that appellant was satisfied with both the referee's summary of testimony and his recommendation, and that her disappointment came when the circuit judge declined to follow the latter.

We proceed then to consider the modification order appealed from, on the basis of a review *de novo* of such record as was introduced in the court below.

We note that the circuit judge arrived at a wholly different view of the facts, and a wholly different result, than did the referee who took the testimony. The judge founded his decision upon 2 reasons: first, that plaintiff had violated the court decree establishing defendant's right of visitation; and, second, that she was mentally ill and in need of institutionalization.

The circuit judge clearly had authority on this record to punish plaintiff by a finding of contempt of court for her admitted violations of defendant's visitation rights. We do not conceive such a violation, however, in and of itself, to be sufficient grounds

for removal of custody—particularly where the record contains plaintiff's promise to obey the court order.

As to the court's finding that plaintiff was mentally ill to the extent of requiring institutionalization, and removal of custody of the children, we do not find facts established in this record from which this finding could be sustained. While the judge's view is supported by diagnostic letters of 2 of the psychiatrists, it is opposed by the letter of the third psychiatrist, and by all of the balance of the evidence in the case. We do not believe that the record contains the minimum factual requirements for a finding of mental illness. CLS 1954, § 330.21 (Stat Ann 1956 Rev § 14.811); *In re Myrtle Davis,* 277 Mich 88; *In re Fuller,* 334 Mich 566.

Nor do we find contained therein the desirable features of a custody hearing which is to determine the fate of 3 minor children. Regardless of the stipulation of the parties as to a record which we have held to satisfy the minimum requirements of due process, the chancellor had ample power to seek further facts in the interest of the minor children.

Neither of the contesting parents took the witness stand to confront the other with sworn testimony on the issues involved, or to face cross-examination in open court. As far as the record discloses, the minor children, 12, 8 and 7 years of age, were never seen by the judge nor allowed either in court or in chambers to express a view upon their fate.

In disputed custody cases, we believe that sound practice dictates that the judge charged with decision see and talk informally with the child, preferably in chambers, when it is of discretionary age. *Brugel* v. *Hildebrandt, supra; In re Leu,* 240 Mich 240.

Any technical objections to such informal interviews are usually waived by the parties, or may be

met by the presence of counsel for both parties in chambers and a judicial summary of the judge's findings later upon the record.

We believe that circuit courts have no more important or more difficult hearing function than that of careful handling of custody problems involving minor children. See Botein, Trial Judge, ch 17, p 270. While under statutory authority, they are authorized to make use of the friend of the court for detailed home investigation, and to make use of friend of the court referees for preliminary hearings, the circuit judge cannot delegate his ultimate responsibility in contested cases for the hearing of evidence and the determination of issues. *Metzinger* v. *Metzinger, supra; Thompson* v. *Thompson,* 238 Minn 41 (55 NW2d 329) ; *Fewel* v. *Fewel,* 23 Cal2d 431 (144 P2d 592).

We note that appellee asserts that the statutory* presumption giving preference as to custody to the mother in the instance of children under 12 can be overborne where the evidence indicates that the best interests of the children require it. *Epstein* v. *Epstein,* 234 Mich 200; *Eicholtz* v. *Eicholtz,* 319 Mich 42; *Terbush* v. *Terbush,* 328 Mich 703. We agree. We believe, however, that the record in this instance did not substantiate a finding that the best interests of these children required a change of custody.

Our basic view of this matter being that the chancellor below did not have before him an adequate record on the basis of which to change legal custody and the actual home of these children, no more do we. We note that, on the filing of the lower court's order, the mother turned over all 3 children to the father's custody *before* filing this appeal or seeking a stay of proceedings. If we now vacate the order of the lower court forthwith, as we have indicated there is clear

---

* CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311).—REPORTER.

legal justification for doing, we may occasion the uprooting of these children from present home and school only to have additional facts and testimony (including developments pending this litigation) require, at a subsequent hearing, still a third removal.

The order amending the final decree, insomuch as it pertains to a change of custody and support, is therefore vacated and set aside, with the further proviso that such vacation will be effective 30 days from the date of this Court's order. The petition for modification of this decree is remanded to the circuit court for further proceedings prior to the effective date of this order in accordance with this opinion. Costs to appellant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.