DAMASCHKE *v.* DAMASCHKE.

DIVORCE—CHILD CUSTODY—EVIDENCE—PETITION TO AMEND JUDG-
MENT.

> Denial of husband's petition to amend divorce judgment so as
> to award him custody of a child conceived by defendant wife
> prior to said judgment, but born thereafter, based upon a writ-
> ten report of the friend of the court and a petition of the
> prosecuting attorney, but without formal hearing, *held*, to re-
> quire a hearing on the merits, since, absent agreement by the
> parties, the report is not admissible in evidence and plaintiff
> was entitled to a proper hearing (CL 1948, § 552.253).

Appeal from St. Clair; Streeter (Halford I.),
J. Submitted Division 2 February 9, 1967, at
Detroit. (Docket No. 2,443.) Decided August 1,
1967.

Petition by Frank Damaschke to amend judgment
of divorce granted to him, as plaintiff, against Clara
Jean Damaschke, defendant, so as to award plaintiff
custody of a child conceived before the divorce but
born after it. Petition denied. Plaintiff appeals.
Reversed.

*Cooper & Baskin,* for plaintiff.

BURNS, J. On August 30, 1965, the circuit court
granted plaintiff a divorce from the bonds of matri-
mony and awarded him custody of the minor chil-

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 812 *et seq.*

dren.  On March 31, 1966, plaintiff filed a petition to amend the divorce judgment asking for custody of a minor child, Scott Ellis Damaschke, alleged to have been conceived by defendant Clara Jean Damaschke during the term of the marriage and born January 19, 1966, after a full term pregnancy.  Plaintiff disclaimed any knowledge of the conception until after the birth of the child.  The defendant mother had been committed to the Pontiac State hospital in 1961 and the parties had not cohabited together since 1961.  Plaintiff was granted temporary care, custody, and control of the child pending the disposition of his petition to amend the judgment or until further order of the court.

The prosecuting attorney for St. Clair county thereafter filed a petition* requesting that Scott Ellis Damaschke, for his own best interest, be made a ward of the probate court of St. Clair county upon a waiver of jurisdiction by the circuit court.  This petition was denied.

On the day plaintiff's petition was to be heard, the trial court, without hearing any testimony or oral argument but upon the basis of a written report of the friend of the court, denied plaintiff's petition and waived jurisdiction of the child to the probate court.

The present case is similar to *Krachun* v. *Krachun* (1959), 355 Mich 167, wherein Justice EDWARDS stated on p 169:

"It may be assumed that the circuit judge took as facts upon which he based his decision those reported by the friend of the court in a full and competently-prepared report.

"Such a report is authorized by statute for the consideration of the circuit judge.  CL 1948, § 552-.253 (Stat Ann 1957 Rev § 25.173); *Metzinger* v.

* The petition was filed under PA 1939, No 288, ch 12A, § 2, subd (b)(1) or (2) (CL 1948, § 712A.2), as amended by PA 1965, No 182 (Stat Ann 1965 Cum Supp § 27.3178 [598.2]).

*Metzinger* (1945), 310 Mich 335. It is not generally admissible in evidence. *Brugel* v. *Hildebrant* (1952), 332 Mich 475. It may, however, *by agreement of all parties* be accepted in evidence as constituting an agreed statement of facts or record of testimony. *Bowler* v. *Bowler* (1958), 351 Mich 398.

"It is perhaps unnecessary to state that such agreement must be indicated in some definite fashion on the record. We find no such agreement recorded here.

"Without further comment on the merits of the other issues which counsel seek to submit, we vacate the order modifying the decree, and remand for hearing."

Reversed and remanded for hearing on the merits.

No costs.

LEVIN, P. J., and MCGREGOR, J., concurred.