DAMASCHKE v. DAMASCHKE

DIVORCE—CHILD CUSTODY—BEST INTEREST—EVIDENCE.

> Plaintiff husband should be granted permanent custody of a child of his former marriage where defendant wife, the mother of the child, is confined in a state mental institution, the plaintiff and his present wife desire that the plaintiff be awarded permanent custody, a social worker testified that in her professional opinion the child's best interest would be served by leaving the child in the plaintiff's home, and irreparable injury would be suffered by the child if he were taken from that home, and where there was no testimony which would tend to rebut the evidence that the best interests of the child would be served by awarding permanent custody of the child to the plaintiff.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 November 13, 1969, at Lansing. (Docket No. 6,613.)  Decided December 10, 1969.

Motion by plaintiff Frank Damaschke to amend a divorce judgment to give him permanent custody of a minor child, Scott Ellis Damaschke. Judgment for defendant. Plaintiff appeals. Reversed, and judgment for plaintiff granting him permanent custody.

*Cooper, Baskin & Feldstein,* for plaintiff.

*Corden & Flanigan,* for defendant.

Before: LEVIN, P. J., and T. M. BURNS and DANHOF, JJ.

PER CURIAM. On August 30, 1965, a judgment of divorce was granted in St. Clair county circuit court to plaintiff which awarded him custody of two minor children. On March 31, 1966, plaintiff filed a motion to amend the divorce judgment asking for permanent custody of a minor child, Scott Ellis Damaschke, conceived by defendant Clara Jean Damaschke during the term of the marriage and born January 19, 1966, after a full-term pregnancy. Defendant had been committed to the Pontiac State Hospital in 1961.

Temporary custody was granted to the plaintiff pending the outcome of the motion. Thereafter the prosecuting attorney filed a petition praying for waiver of jurisdiction over the child to the probate court on the grounds that it was for the child's best interest.

On the day plaintiff's motion was to be heard, the trial court, without hearing any testimony or oral argument, but on the basis of a written report of the Friend of the Court, denied plaintiff's motion and waived jurisdiction of the child to the probate court.

The plaintiff appealed to this Court, and in *Damaschke* v. *Damaschke* (1967), 7 Mich App 478, the judgment of the trial court was reversed on the grounds that in the absence of a stipulation of the parties a report of the Friend of the Court could not be used in evidence for the purpose of determining the custody of the child.

Pursuant to that holding a second hearing was held wherein testimony was taken. The plaintiff, his present wife, Emma Joy Damaschke, and Mary M. Fitzgerald, a professor of social work at Wayne State University, were the only persons to testify at the hearing. All three testified on plaintiff's be-

half.    The trial judge refused to award plaintiff custody of the child.

The social worker testified that in her professional opinion the child's best interest would be served by leaving the child in the plaintiff's home, and that irreparable injury would be suffered by the child if he were taken from that home.    The child, now three years old, has lived with the plaintiff and his present wife since he was three months old. Both the plaintiff and his present wife desire that the plaintiff be awarded permanent custody.    There is no testimony which would tend to rebut the evidence that the best interests of the child would be served by awarding his permanent custody to the plaintiff.    The best interest of the child is our main concern; on this record we find that the trial judge clearly erred in denying permanent custody to the plaintiff.    The circuit court had jurisdiction to determine custody of this minor child and should have granted it to the plaintiff.    *In re Mark T* (1967), 8 Mich App 122, 142, *et seq.*

Reversed.    Judgment for plaintiff granting him permanent custody.    Costs to plaintiff.