CHISNELL v CHISNELL

Docket Nos. 44781, 44821. Submitted April 21, 1980, at Detroit.—
    Decided August 11, 1980.

Beatrice M. Chisnell filed for and was granted a divorce from
    Robert L. Chisnell, Macomb Circuit Court, Hunter D. Stair, J.,
    the judgment providing that neither party receive alimony and
    that all the marital property be sold and the net proceeds
    divided equally. Defendant was also ordered to pay one-half of
    his net monthly military retirement pay as part of the property
    settlement. Plaintiff was awarded attorney fees. Defendant
    moved for a new trial, which motion was denied by the trial
    court, and additional attorney fees were awarded.

Defendant then appealed to the Court of Appeals challenging
    the trial court's categorization of his military retirement pay as
    a marital asset, properly included in the property settlement.
    Prior to decision, plaintiff obtained an order to show cause why
    defendant should not be held in contempt for not complying
    with the judgment of divorce. The Court of Appeals granted a
    stay of proceeding pending appeal. Subsequently, the Court of
    Appeals affirmed the trial court's judgment, *Chisnell v Chisnell*,
    82 Mich App 699 (1978).

Thereupon, defendant applied for leave to appeal to the
    Michigan Supreme Court, which was denied, 403 Mich 844
    (1978). Defendant then appealed to the United States Supreme
    Court which denied certiorari, 442 US 940 (1979), and rehear-
    ing, 444 US 887 (1979).

While defendant's petition was pending before the United
    States Supreme Court, plaintiff petitioned the trial court for
    additional attorney fees, modification of the judgment of di-
    vorce, and for an order to show cause why defendant should not

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 571 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation § 573.
[3] 24 Am Jur 2d, Divorce and Separation § 941.
[4, 5] 24 Am Jur 2d, Divorce and Separation § 944.
[6] 24 Am Jur 2d, Divorce and Separation §§ 308, 309.
    61 Am Jur 2d, Pleading § 344.
[7] 24 Am Jur 2d, Divorce and Separation § 452.

be held in contempt for not complying with the judgment of divorce. The trial court separately ordered additional attorney fees, and modification of the judgment of divorce and appearance by defendant. Upon defendant's failure to appear, the trial court subsequently issued a bench warrant for his arrest and cited him for contempt.

Defendant appeals from both orders, which appeals were consolidated, alleging the trial court abused its discretion in awarding plaintiff additional attorney fees, erred in modifying the property settlement in the absence of fraud, and erred in attempting to enforce the property settlement provisions of the judgment of divorce through contempt proceedings. Defendant additionally argues that the trial court had no authority to act upon plaintiff's petition to modify the judgment of divorce and for an order to show cause since the pleading was not verified as required by court rule. *Held:*

1. The award of attorney fees and expenses rests within the sound discretion of the trial court, and additional attorney fees may be awarded where, as in the instant action, they are necessary to enable a party to carry on or defend the litigation. The trial court's award of attorney fees to plaintiff was not an abuse of discretion.

2. Property settlement provisions of a judgment of divorce may be modified in the presence of fraud and, additionally, where the substantive rights of the parties are not changed, to rectify mistakes or clarify and interpret ambiguities and to alleviate inequities where necessitated by fairness. Since the trial court's modification substantively altered defendant's rights, it was improper.

3. The trial court did not exceed its contempt authority. Defendant was held in contempt not for his failure to comply with the property settlement provisions of the judgment of divorce but because he failed to present himself to the court when ordered to do so.

4. Neither plaintiff nor her attorney verified the petition for modification and order to show cause, but such a relatively minor procedural defect does not require reversal in the absence of manifest injustice, and plaintiff may cure this defect by verifying the pleading on remand. Should plaintiff fail to verify the pleading within the time allotted, the order of modification and for appearance of defendant is vacated.

Affirmed in part, reversed in part, and remanded.

1. Divorce — Attorney Fees — Judicial Discretion — Necessity.

The award of attorney fees and expenses in an action for divorce

rests within the sound discretion of the trial court, but the trial court does not have unlimited discretion, and such fees should not be awarded as a matter of right but only if necessary to enable a party to carry on or defend litigation.

2. DIVORCE — ATTORNEY FEES — APPEAL — ABUSE OF DISCRETION.

An award by the trial court of attorney fees in an action for divorce will not be disturbed on appeal absent a showing of an abuse of discretion.

3. DIVORCE — PROPERTY SETTLEMENTS — MODIFICATION — GROUNDS.

Property settlement provisions in a judgment of divorce may be modified in the presence of fraud or mistake, or, where the substantive rights of the parties are not changed, to clarify and interpret ambiguities or to alleviate inequities where necessitated by fairness.

4. DIVORCE — PROPERTY SETTLEMENTS — ENFORCEMENT — CONTEMPT.

Property settlement provisions of a judgment of divorce are not enforceable by contempt proceedings.

5. DIVORCE — FAILURE TO PAY SETTLEMENT — COURTS — CONTEMPT AUTHORITY — EXCESS.

A trial court's contempt authority is exceeded where it holds a party in contempt for failing to pay over monies awarded as part of a property settlement in a judgment of divorce and issues a bench warrant pursuant thereto.

6. INFANTS — CHILD CUSTODY — PLEADINGS — VERIFICATION — COURT RULES.

A custody pleading may be verified by someone other than a party having knowledge of the facts pleaded, and this knowledge may be acquired upon information and belief (GCR 114.3[1]).

7. DIVORCE — PLEADINGS — VERIFICATION — MINOR DEFECT.

Failure to verify a pleading in an action for divorce is a relatively minor procedural defect and, in the absence of manifest injustice, will not require reversal on appeal.

*Thomas J. McCallum,* for plaintiff.

*Freeman, McKenzie, Matthews, Scherer & Stepek, P.C.* (by *Gary E. Gendernalik),* for defendant.

Before: V. J. Brennan, P.J., and Bronson and H. E. Deming,* JJ.

V. J. Brennan, P.J. This is an appeal from orders modifying a judgment of divorce and allowing plaintiff additional attorney fees entered on April 16, 1979 and April 2, 1979, respectively.

A synopsis of the various judicial determinations involved in this litigation will aid in clarifying what is on the whole a rather confused picture of events. They may be concisely stated as follows:

On January 5, 1977, plaintiff was awarded a judgment of divorce providing that neither party receive alimony and that all of the marital property be sold with the proceeds going first to settle the liens on the property and the remainder to be divided equally between the parties. The judgment also provided that defendant pay plaintiff's attorney fees in the sum of $500. Subsequent to the entry of the judgment of divorce, defendant filed a motion for a new trial. Following a hearing on May 23, 1977, the trial court denied defendant's motion and awarded plaintiff an additional $150 in requested attorney fees.

On June 8, 1977, defendant appealed to this Court, raising an issue of first impression in Michigan: the treatment of military retirement pay in a divorce proceeding. While that appeal was pending, plaintiff secured an order to show cause against defendant as to why he should not be held in contempt for not complying with the judgment of divorce. This Court granted a stay of proceeding while the matter was on appeal. Subsequently, this Court affirmed the trial court's judgment that defendant's military retirement pay was correctly

---

* Circuit judge, sitting on the Court of Appeals by assignment.

categorized as a marital asset and properly included within the property settlement. *Chisnell v Chisnell,* 82 Mich App 699; 267 NW2d 155 (1978).

Defendant, thereupon, filed an application for leave to appeal to the Michigan Supreme Court which was denied. 403 Mich 844 (1978). In the interim, plaintiff filed a brief in opposition and requested additional attorney fees of $10,000. Thereafter, defendant pursued his cause to the United States Supreme Court by way of writ of certiorari. On April 11, 1979, the United States Supreme Court requested that plaintiff's attorney file a response to defendant's petition. Plaintiff's response was filed on May 29, 1979. Subsequently, defendant's petitions for writ of certiorari, 442 US 940; 99 S Ct 2881; 61 L Ed 2d 310 (1979), and for rehearing, 444 US 887; 100 S Ct 187; 62 L Ed 2d 121 (1979), were denied.

While defendant's petition was pending in the United States Supreme Court, plaintiff filed a petition in Macomb County Circuit Court for additional attorney fees. Plaintiff also filed a petition for modification of the judgment of divorce and for an order to show cause why defendant should not be held in contempt for not complying with the judgment of divorce.

On April 2, 1979, the trial court entered an order allowing plaintiff additional attorney fees of $3,000. On April 16, 1979, the trial court entered an order modifying the judgment of divorce and ordering defendant to appear. When defendant failed to appear as ordered, the court issued a bench warrant for his arrest and cited him for contempt of court.

Defendant raises several issues on appeal which we address in our order. Defendant first contends that the trial court abused its discretion in award-

ing plaintiff additional attorney fees in the amount of $3,000.

The award of attorney fees and expenses rests within the sound discretion of the trial court. *Schaffer v Schaffer,* 37 Mich App 711; 195 NW2d 326 (1972), *Schilleman v Schilleman,* 61 Mich App 446; 232 NW2d 737 (1975). The trial court does not have unlimited discretion, however. Attorney fees are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation. *Gove v Gove,* 71 Mich App 431; 248 NW2d 573 (1976), *Mixon v Mixon,* 51 Mich App 696; 216 NW2d 625 (1974), *Radway v Radway,* 81 Mich App 328, 333; 265 NW2d 202 (1978), *Tigner v Tigner,* 90 Mich App 787, 791; 282 NW2d 481 (1979).

In the present case, the Court determined that plaintiff was in need of attorney fees to defend defendant's suit in the United States Supreme Court. Although the Supreme Court subsequently denied defendant certiorari, plaintiff's attorney was required to file a brief in opposition to defendant's motion. In *Chisnell v Chisnell, supra,* another panel of this Court held that the trial court had not abused its discretion in its original award of attorney fees to plaintiff. Subsequently, defendant appealed to the United States Supreme Court twice, the Michigan Supreme Court, and the Court of Appeals. Our review of the record shows that since that time plaintiff's financial condition has certainly not improved and, in all probability, has further deteriorated. Having failed to show an abuse of discretion, we will not disturb the attorney fees awarded here. *Abadi v Abadi,* 78 Mich App 73, 80; 259 NW2d 244 (1977).

Defendant's final argument concerns the April 16, 1979, modification of property settlement and

issuance of a bench warrant for defendant's arrest and has both a procedural and substantive basis. We address the latter first.

Defendant correctly argues that property settlements cannot be modified in the absence of fraud, *Firnschild v Firnschild,* 67 Mich App 327; 240 NW2d 790 (1976). Since plaintiff neither alleged nor proved fraud, defendant contends that the trial court erred by modifying the property settlement provisions of the judgment of divorce.

Defendant, however, fails to note the exceptions to the general rule. As this Court pointedly stated in *Dougherty v Dougherty,* 48 Mich App 154, 158; 210 NW2d 151 (1973):

> "Defendant relies upon the general rule that property settlements which are judged final may not be modified. *Cf, Ritzer v Ritzer,* 243 Mich 406; 220 NW 812 (1928). This principle is not without exception. Property settlements may be revised for fraud or like reasons. *Lytle v Lytle,* 319 Mich 47; 29 NW2d 138 (1947); *Greene v Greene,* 357 Mich 196; 98 NW2d 519 (1959). Modification may also be permitted to rectify mistakes or clarify and interpret ambiguities. *Igrison v Igrison,* 369 Mich 314; 119 NW2d 605 (1963); *Mitchell v Mitchell,* 307 Mich 366; 11 NW2d 22 (1943). Significantly, inequities are alleviated by permitting revision of otherwise final property settlements when such is necessitated by fairness. *Paul v Paul,* 362 Mich 43; 106 NW2d 384 (1960); *Ross v Ross,* 24 Mich App 19; 179 NW2d 703 (1970). See generally GCR 1963, 528."

In the instant case plaintiff contends that the trial court's modification order was valid because its purpose was to clari_y and interpret ambiguities which existed in the property settlement. We agree.

The initial property settlement contained a provision requiring the sale of certain real property

but failed to state which party was to arrange and consummate the sale. As the property had not been sold as of April 16, 1979, the court modified the judgment to enable plaintiff to carry out the sale.[1] To the extent the court's order clarified the existing ambiguity as to which party was to sell the property, it was valid. *Dougherty, supra.*

We are unable, however, to affirm the second portion of the modified provision as to the sale of real property. It states:

"IT IS FURTHER ORDERED that the plaintiff, BEATRICE M. CHISNELL may keep one-half (1/2) of the proceeds from the sale of the above mentioned properties as her sole and separate property and deposit one-half (1/2) of the proceeds from the sale of said properties with this Court for further distribution pursuant to further Order of this Court."

In *Irvin v Irvin,* 85 Mich App 576, 578; 272 NW2d 328 (1978), this Court stated:

"In any event this Court will clarify and interpret property settlements only when the substantive rights of the parties are not changed. *Mitchell v Mitchell,* 307 Mich 366; 11 NW2d 922 (1943), *Boucher v Boucher,* 34 Mich App 213; 191 NW2d 85 (1971)."

According to the judgment of divorce, plaintiff was to receive one-half of the proceeds of the sale, and defendant was to receive the other half of the proceeds. The question becomes whether, by order-

___

[1] The modified order provided as follows:
"IT IS HEREBY ORDERED that the plaintiff, BEATRICE M. CHISNELL, be and hereby is authorized to sell, without the consent, cooperation or requirement that defendant, ROBERT LLOYD CHISNELL, join in said sale, and for whatever price that the plaintiff, BEATRICE M. CHISNELL, shall deem advisable, certain real property owned by the parties hereto as joint tenants and more particularly described as: * * *."

ing defendant's share to be deposited with the court, his rights in the property were substantively changed.

Plaintiff contends that, in light of the surrounding circumstances, equity demanded that defendant's share of the proceeds be deposited with the court for plaintiff's protection. At the time of the order, defendant owed plaintiff $8,640 of his military retirement pay and $625 in attorney fees. Therefore, plaintiff intends, fairness required that defendant's proceeds be deposited with the court. Plaintiff's claim could be premised upon GCR 1963, 528.3(6), which provides that a party may be relieved from a judgment if "any other reason justifying relief from the operation of the judgment" exists.

In *Boucher v Boucher, supra,* 222, the trial court accelerated payments provided for in a property settlement to plaintiff's estate after defendant was convicted of murdering plaintiff. The Court looked to see if GCR 1963, 528.3(6) justified the acceleration and found it did not.

"The fact that the defendant shot and was subsequently convicted of killing the plaintiff is certainly an extraordinary circumstance but does not call for penalizing the defendant under the civil law when the criminal law deals with such transgressions.

"There was no provision in the judgment for acceleration of the installment payments if the defendant was in default or if the plaintiff died a natural death. Although this is apparently a case of first impression and certainly reasonable minds could differ, the scales weigh in the direction that the trial court exceeded its authority in ordering the acceleration of the installment payments not yet due."

Just as the criminal law dealt with defendant's transgressions in *Boucher,* the plaintiff in the

present case had other legal means available to enforce those provisions of the property settlement with which defendant had not yet complied. In fact, the court subsequently issued a writ of garnishment against defendant for the amount of his military retirement pay owed plaintiff on November 19, 1979. Since the trial court's order that defendant's share of the proceeds of the sale be deposited with the court substantively altered defendant's rights, it was improper.

Defendant next takes issue with the trial court's finding him in contempt of court. Defendant correctly states the general rule that the property settlement provisions of a judgment of divorce are not enforceable by contempt proceedings. *Thomas v Thomas,* 337 Mich 510; 60 NW2d 331 (1953), *Sturgis v Sturgis,* 300 Mich 438; 2 NW2d 454 (1942), *Shafer v Shafer,* 257 Mich 372; 241 NW 144 (1932), *Belting v Wayne Circuit Judge,* 245 Mich 111; 222 NW 137 (1928), *Harner v Harner,* 255 Mich 515; 238 NW 264 (1931). If the trial court had issued the bench warrant and had held defendant in contempt for failing to pay his debt, the trial court would have exceeded its contempt authority. However, our review of the transcript leaves us with no doubt that defendant was held in contempt not for his failure to comply with the property settlement but because he failed to present himself to the court when ordered to do so.[2]

---

[2] The following colloquy between court and defendant's counsel took place on April 16, 1979:

"MR. GENDERNALIK: Your Honor, in response, Gary Gendernalik on behalf of the Defendant, Robert Lloyd Chisnell. I would once again submit that this contempt proceeding is not the proper proceeding pursuant to Michigan law with reference to the enforcement of the property settlement provisions of the judgment of divorce. The Michigan Supreme Court in the past has twice ruled on this particular type of proceeding and held that it is not proper to hold an individual in contempt for not complying with the property settlement provisions of a judgment of divorce. The two cases are *McFarland v McFarland [sic],* 298 Mich — —

Our conclusion with respect to the substantive merits of the April 16 order of modification and issuance of a bench warrant are not dispositive, however. Defendant's procedural argument centers around plaintiff's petition to modify the judgment and for an order to show cause. Specifically, defendant claims that this pleading was not verified as required by GCR 1963, 725.1 and, since the court had no authority to act upon an unverified complaint, its April 16 order must be reversed.

Our review of the record below reveals that plaintiff's petition to modify the judgment of divorce and order to show cause was not verified by either plaintiff or her attorney.

GCR 1963, 725.1 provides:

".1 Oath; Verification. All pleadings seeking affirmative relief in actions described in Rule 721 shall be verified by oath."

In *Ayres v Gartner,* 90 Mich 380, 380-381; 51 NW 461 (1892), a pertinent statute provided:

" 'No divorce shall be decreed in any case when it shall appear that the petition or bill therefor was founded in or exhibited by collusion between the parties; and the oath or affirmation administered to the complainant in swearing to such petition or bill shall,

"THE COURT: That's not why I am going to hold him in contempt. I am going to hold him in contempt for not showing up here today when he was directed to show up. Because we want to find out why he is not complying. If he wants to go into hiding while he's playing games and not even come to the Court that's why he's in contempt of the Court. I'd like to talk to him. I'd like to be face to face with him and find out why he is ignoring the orders of this court but he doesn't deem it wise to show up evidently and that's the reason I am doing it.

\* \* \*

"THE COURT: All I want to do is be face to face with your client and ask him some questions. Now, if he doesn't want to obey, that's why he's in contempt. It's as simple as that and, therefore, a bench warrant may issue."

in addition to all other legal requirements, recite the following: "And you do solemnly swear (or affirm) that there is no collusion, understanding, or agreement whatever between yourself and the defendant herein in relation to your application for divorce".' "

In that case, plaintiff filed a bill for divorce but the oath to the bill did not contain the recitation required by statute. Defendant moved the court to dismiss the bill because of the plaintiff's failure to comply with the statutory requirement. The Supreme Court held:

"This is a statutory requirement, and is mandatory. Chancery Rule No. 95 requires bills for divorce to be verified by the oath of complainant; and, as was said in *People v McCaffrey,* 75 Mich 123, the statute gives this rule the force and effect of statute law.

\* \* \*

"Nor can this defect be waived by any act of defendant. The policy of the statute is to prevent collusive proceedings between the parties for divorce. If in the power of defendant to waive the provision, the statute may be easily nullified."

Thus, in 1892, the Court strictly construed the statute and mandated that the complaint be dismissed.

More recently, in *White v White,* 86 Mich App 98, 101-102; 272 NW2d 202 (1978), defendant asserted that plaintiff's motion seeking a change of custody and child support was not verified by oath in violation of Rule 725.1. However, the plaintiff's motion for change of custody was supported by an affidavit of plaintiff's attorney stating that the reasons and grounds stated therein were true to the best of his knowledge and that he believed the matters stated on information and belief to be true. The Court held:

"A special set of court rules, GCR 1963, 721 to 731, govern domestic relations proceedings, including child custody matters. GCR 1963, 721(6). Unless otherwise specified in these special rules, the procedure in the actions enumerated in GCR 1963, 721, * * * the verification, procedure would be governed by the general rule of procedure, GCR 1963, 114.3, which provides:

" '(1) If a pleading must be verified:

" '(a) it may be verified by the oath or affirmation of the party or of someone having knowledge of the facts pleaded; or

" '(b) it may contain the following signed and dated declaration: "I declare that the statements above are true to the best of my information, knowledge and belief."

" 'The matters in the pleading must be stated positively or upon information or belief, according to the fact.

" '(2) A person who knowingly makes a false declaration under subrule 114.3(1)(b) is in contempt of court.'

"The foregoing court rule has been effective in its present form since September 3, 1976, and was thus applicable to the case at bar.

"The clear import of this rule is that a custody pleading may be verified by someone, other than a party, having knowledge of the facts pleaded; further knowledge may be acquired upon information and belief."

Thus in 1978 the Court worked harder to find that it had jurisdiction over the matter than it had in 1892. However, in the instant case, neither plaintiff nor her attorney verified the petition for modification and order to show cause. As in *White, supra,* this procedural defect was brought to the trial court's attention at the April 2, hearing.

We decline to reverse, however, in light of the long and arduous path this case has traveled through the various court systems, the relatively minor procedural defect, and the absence of mani-

fest injustice. Accordingly, we remand to the trial court so plaintiff may cure the defect by verifying the pleading within 30 days from the issuance of this opinion, GCR 1963, 820.1. In the event the petition is not verified within 30 days, the trial judge's April 16 order is vacated.

The April 2 order granting attorney fees is affirmed.

Affirmed in part, reversed in part and remanded.