BICKHAM v BICKHAM

Docket No. 54433. Submitted June 15, 1981, at Lansing.—Decided
     February 18, 1982.
     Plaintiff, Richard E. Bickham, and defendant, Marjorie A. Bick-
          ham, were divorced in 1977 in the Bay Circuit Court. Under
          the terms of the divorce decree plaintiff was required to pay
          defendant $16,200 per year in alimony and $100 per month for
          each of the parties' three children. The amount of alimony was
          intentionally set high at the time of the divorce for tax pur-
          poses. The parties intended that a portion of this alimony
          actually go for child support. Defendant filed a petition for
          modification of the divorce decree requesting additional child
          support. The friend of the court issued a report recommending
          that plaintiff's child support obligations be increased from $100
          per month to $75 per week for each of the two remaining
          minor children. Following a hearing the court made findings of
          fact, adopted the recommendations of the friend of the court,
          ordered the child support obligation increased to $75 per week
          for each of the two remaining minor children, and awarded
          attorney fees and costs to defendant, Benjamin J. Friedman, J.
          Plaintiff appealed. *Held:*

          1. Plaintiff argued that the court erred in adopting the friend
     of the court's recommendation because the report was not
     admitted into evidence and its author did not testify at the
     hearing. The settled law in Michigan is that a trial judge may
     refer a pending motion for modification of child support pay-
     ments to the friend of the court for an investigation and
     recommendation and the court may review the report of the
     friend of the court in reaching its decision, but the report is

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 844.
[2] 24 Am Jur 2d, Divorce and Separation §§ 573, 588.
     Right of former wife to counsel fees upon application, after absolute
          divorce, to modify order as to support or custody of child or
          children. 15 ALR2d 1270.
[3] 5 Am Jur 2d, Appeal and Error § 868.
     24 Am Jur 2d, Divorce and Separation § 812.

inadmissible as evidence unless all of the parties agree otherwise.

2. The award of attorney fees and costs in a child custody case rests in the sound discretion of the trial court and is not made as a matter of right but only where necessary to enable a party to carry on or defend the suit. The court did not err in awarding attorney fees.

3. The court's decision was not against the great weight of the evidence.

Affirmed.

1. PARENT AND CHILD — CHILD SUPPORT MODIFICATION — FRIEND OF THE COURT'S RECOMMENDATIONS — EVIDENCE.

A trial judge may refer a pending motion for modification of child support payments to the friend of the court for an investigation and recommendation and the court may review the report of the friend of the court in reaching its decision, but the report is inadmissible as evidence unless all of the parties agree otherwise.

2. PARENT AND CHILD — CHILD SUPPORT MODIFICATION — ATTORNEY FEES.

The award of attorney fees and costs in a child custody case rests in the sound discretion of the trial court and is not made as a matter of right but only where necessary to enable a party to carry on or defend the suit.

3. DIVORCE — APPEAL — MODIFICATION — JUDGMENTS.

Lower court orders modifying divorce judgments are reviewed *de novo* but are not disturbed unless the reviewing court is convinced that it would have reached a different conclusion had it been in the place of the trial court.

*Lambert, Leser, Fitzhugh & Hebert, P.C.,* for plaintiff.

*Joseph & Wolf, P.C.* (by *Lorraine S. Paskiewicz),* for defendant.

Before: T. M. BURNS, P.J., and D. E. HOLBROOK, JR., and K. B. GLASER,* JJ.

T. M. BURNS, P.J. Plaintiff appeals as of right a

* Circuit judge, sitting on the Court of Appeals by assignment.

lower court order raising the amount of his child support obligations.

Plaintiff and defendant were divorced on July 15, 1977. Under the terms of the divorce decree plaintiff was required to pay defendant $16,200 per year in alimony and to pay $100 per month for each of the parties' three children. It appears to be undisputed that the amount of alimony was intentionally set high at the time of the divorce for tax purposes. The parties intended that a portion of this alimony actually go for child support.

On December 11, 1979, defendant filed a petition for modification of the divorce decree requesting additional child support. On August 21, 1980, a friend of the court issued a report recommending that plaintiff's child support obligations be increased from $100 per month for each of the two remaining minor children to $75 per week for each child.

Following a hearing on September 26, 1980, the lower court found that there had been a change in circumstances warranting modification of plaintiff's child support obligations. The judge cited defendant's lingering poor health and noted that it would be difficult for her to return to work at this stage of her life in light of her physical problems. The judge further found that plaintiff's income had risen by approximately 30% since the parties' divorce but noted that a good portion of this increase went to taxes and increases in plaintiff's cost of living. After reviewing all of the evidence, the judge followed the recommendation of the friend of the court report and increased plaintiff's child support obligations to $75 per week for the two remaining minor children of the parties.

Plaintiff first argues that the trial judge committed reversible error by adopting the report of the

friend of the court because it was not admitted into evidence and its author did not testify at the hearing.

A report written by a friend of the court may be admitted into evidence as an agreed statement of facts or as a record of testimony if neither party objects to it. *Bowler v Bowler,* 351 Mich 398; 88 NW2d 505 (1958), *Damaschke v Damaschke,* 7 Mich App 478; 152 NW2d 53 (1967). Even if both of the parties do not agree to the admission into evidence of a report written by a friend of the court, the trial judge may still review the report in reaching a decision as to whether to modify a support order. However, the trial judge's decision must be based entirely upon properly received evidence. *McCarthy v McCarthy,* 74 Mich App 105, 109; 253 NW2d 672 (1977).

No error was committed by the trial judge in this case when he stated that he was adopting the recommendation of the friend of the court report. The record does not indicate that the judge relied upon any findings, evidence or testimony set forth in the report. We note that the judge did not even mention the report until after he had articulated that he had heard all of the testimony and was ready to rule. Further, the judge specifically set forth his findings of fact and conclusions of law and enumerated what he believed to be changes of circumstances warranting modification of plaintiff's support obligations. Finally, we note that the judge refused to follow the recommendation of the friend of the court regarding an award of retroactive increased support. Therefore, because we are convinced that the judge did not rely upon the report of the friend of the court, but made independent findings of fact and conclusions of law that merely coincided with the ultimate recom-

mendation of the friend of the court, no reversible error has been committed.

Plaintiff next argues that the trial judge abused his discretion in awarding attorney fees to defendant.

The award of attorney fees and costs in a custody case rests within the sound discretion of the trial judge whose decision in the matter will not be overturned on appeal absent a showing of abuse of discretion. *Eigner v Eigner,* 79 Mich App 189; 261 NW2d 254 (1977). Attorney fees and costs are not awarded as a matter of right but only if necessary to enable a party to carry on or defend a suit. *Chisnell v Chisnell,* 99 Mich App 311; 297 NW2d 909 (1980). Our examination of the record fails to persuade us that the trial judge abused his discretion in awarding one-half of the attorney fees requested by defendant.

The final claim raised by plaintiff in this appeal concerns whether the trial judge's decision to increase plaintiff's child support obligations was against the great weight of the evidence.

Lower court orders modifying divorce judgments are reviewed *de novo* by this Court which must give "great consideration" to the findings of the trial judge. *Hensley v Hensley,* 357 Mich 3; 97 NW2d 615 (1959), *Krachun v Krachun,* 355 Mich 167; 93 NW2d 885 (1959). This court will not disturb a trial judge's modification of a divorce decree unless it is convinced that it would have reached a different conclusion had it been in the place of the trial judge. *Andris v Andris,* 77 Mich App 715; 259 NW2d 203 (1977). It is the burden of the party seeking modification of the divorce decree to come forward with evidence establishing a change in circumstances that would justify its alteration. *Hentz v Hentz,* 371 Mich 335; 123

NW2d 757 (1963), *Stros v Stros,* 25 Mich App 154; 181 NW2d 26 (1970).

Upon reviewing the lower court record we are not left with a distinct conviction that the trial judge abused his discretion in modifying the divorce decree.

At the time of the divorce decree, the parties contemplated that defendant would be able to procure future gainful employment that would enable her to assist in providing for the children. At the modification hearing defendant testified that her physical injuries that impair her working ability have lingered in spite of the parties' hopes at the time of the divorce that she would be able to return to work.

Nor can we entirely discount the rampant inflation that has occurred since the 1977 divorce decree. Certainly, the fact of inflation itself would not be sufficient to warrant modification of a divorce decree; however, there is evidence in the record that plaintiff's income has more than kept even to the inflation rate, whereas defendant's has steadily declined. The fact of inflation, then, is a relevant consideration in a judge's determination as to whether to modify a divorce decree.

The record reflects that in modifying the divorce decree the trial judge considered defendant's health, the cost of living, plaintiff's income, defendant's income, defendant's increased real estate taxes, and her increased expenses for the parties' teenage children. Based upon this record then we are unable to say that the trial judge's ruling in this matter is clearly erroneous.

Affirmed. Defendant may assess costs.