## VILLADSEN v VILLADSEN

Docket No. 57762. Submitted November 5, 1982, at Grand Rapids.—
Decided February 24, 1983. Leave to appeal applied for.

Margaret Villadsen was granted a divorce from Alfred Villadsen,
Manistee Circuit Court, Charles A. Wickens, J. The judgment
of divorce incorporated a property settlement under which the
plaintiff was to receive an interest in the defendant's share of a
corporation, of which defendant was a major stockholder, or,
alternatively, $41,250. Defendant sought a rehearing, which
was granted, alleging mutual mistake as to the value of defen-
dant's share in the corporation. Upon rehearing, the trial court
found that there had been a mutual mistake and modified the
judgment, holding that the plaintiff's share should be
$17,234.25. Plaintiff appeals. *Held:*

The testimony indicates that the defendant had access at the
time of the property settlement to the information upon which
he later based his allegations of error and that he was aware of
irregularities at the time of the settlement. It would be inequi-
table to penalize the plaintiff for defendant's failure to investi-
gate the corporate books at that time. Furthermore, there has
been no evidence of fraud or claim that the facts presented at
the hearing to modify the judgment were newly discovered. The
trial court erred in modifying the judgment.

Reversed.

1. DIVORCE — APPEAL — *De Novo* REVIEW.

Lower court orders modifying divorce judgments are reviewed by
the Court of Appeals *de novo,* giving great consideration to the
findings of the trial judge, whose decision should not be re-
versed unless the Court of Appeals would have reached a
different conclusion had it been in his place.

2. DIVORCE — PROPERTY SETTLEMENTS — RELIEF FROM JUDGMENT.

Property settlements in divorce judgments may not be modified

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 703, 868.
[2, 4] 24 Am Jur 2d, Divorce and Separation §§ 423, 449, 941.
[3] 24 Am Jur 2d, Divorce and Separation § 449.

in the absence of fraud, mistake or gross inequity, and a party seeking modification has the burden of going forward with evidence that will justify the proposed change.

3. JUDGMENTS — RELIEF FROM JUDGMENT — MUTUAL MISTAKE — COURT RULES.

A trial court may vacate a judgment where it has found that both parties shared a mistaken belief which led to their consent to a settlement (GCR 1963, 528.3).

4. JUDGMENTS — RELIEF FROM JUDGMENT — SETTLEMENT.

No relief from a judgment incorporating a settlement may be granted where the party seeking modification made ill-advised or careless decisions and later alleges mistake, or where, at the time of the settlement, the parties had access to the information on which the subsequent allegations of error or fraud are based.

*Donald G. Jennings,* for plaintiff.

*Clay F. Olmstead,* for defendant.

Before: MACKENZIE, P.J., and R. M. MAHER and C. W. SIMON, JR.,* JJ.

PER CURIAM. A judgment of divorce between the parties was entered on November 14, 1979. A property settlement agreement had been reached prior to the hearing. Defendant moved for rehearing on December 20, 1979. This motion was granted on January 17, 1980. After a lengthy evidentiary hearing and the filing of briefs by the parties, the trial court granted defendant's motion to modify the property settlement on December 31, 1980. The amended judgment was filed on January 15, 1981. Plaintiff now appeals by right from the modification of the judgment.

The divorce judgment originally provided that plaintiff was to receive from defendant an 11% interest in the Ferney-Villadsen Insurance

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Agency, Inc., a Michigan corporation, or, in the alternative, if defendant chose to retain his stock, $41,250 in cash. Defendant owned 42% of the stock in the corporation. Both parties expressed their approval of the property settlement containing this provision at the hearing on the divorce judgment.

At the hearing on the defendant's petition for rehearing, defendant argued that the judgment should be modified because of the parties' alleged mutual mistake as to the value of defendant's share of the insurance agency. An evidentiary hearing was held on defendant's motion to modify the judgment on August 29, 1980.

Guy Merskin, a CPA and the accountant for Ferney-Villadsen Insurance Agency, Inc., testified that the gross annual commissions for the agency for fiscal 1978 totaled $155,925 and that corporate profits were $17,938 for that year. He presented a simplified balance sheet for the corporation, which may be summarized as follows:

| Assets | | Liabilities | |
|---|---|---|---|
| Cash | $32,142 | Accounts Payable | $52,277 |
| Accounts Receivable, Trade, Notes | 51,636 | Other Liabilities | 18,380 |
| Equipment Minus Depreciation | 5,192 | Stock | 1,000 |
| | | Retained Earnings | 17,363 |
| TOTAL | $88,970 | | $88,970 |

As accountant for Ferney-Villadsen Insurance Agency, Inc., Merskin merely accepted the figures presented to him. He was not responsible for day-to-day bookkeeping.

Robert Ferney, the second owner and president of Ferney-Villadsen Insurance Agency, Inc., and father of the plaintiff, presented figures which had been prepared by the corporation's bookkeeper. He

testified that on August 1, 1979, the amount of accounts payable was actually between $83,000 and $84,000 rather than $52,000 as represented above. This discrepancy was caused by the use of different accounting methods by Guy Merskin and the corporation's regular bookkeeper. He testified that defendant's share of the total value of the business was $162,750.

Defendant testified that he had access to the accounts and records of the Ferney-Villadsen Insurance Agency, Inc., at all times. For purposes of the pre-settlement negotiations, the parties had stipulated that the value of the agency was equal to 2.5 times the value of the gross annual commissions received in the fiscal year 1978. Defendant did not become worried about the state of the business's accounts until negotiations for the property settlement were over. At the time the judgment incorporating the settlement was entered, he had reason to believe that the value of the agency had been overstated. All of the figures used during settlement negotiations were provided by the corporate bookkeeper. Defendant did an independent examination of the corporate books in August, 1979. He discovered, as a result of his examination, that Ferney-Villadsen Insurance Agency, Inc.'s, total accounts payable as of August 1, 1979, were $83,265.07, as Ferney had testified, and accounts receivable were $36,897.44, rather than $51,636, as the accountant had reported. Defendant argued that because these figures differed substantially from those to which the corporate accountant testified, the difference between accounts payable and receivable should be deducted from the value of the agency as calculated under the formula of 2.5 times gross commissions. Plaintiff's share in value of the agency would, according

to his calculations, then equal $17,201, rather than $41,250, as provided by the divorce judgment.

Guy Merskin again took the witness stand to respond to defendant's testimony and testified that the figures mentioned by defendant for accounts payable and receivable were irrelevant to the valuation of the agency as a whole as based upon the formula relating to gross annual commissions.

The trial court modified the judgment in an order entered on January 15, 1981, holding that plaintiff's share of the value of the agency was $17,234.25. He found that there had been a mutual mistake of fact as to the value of the agency. The trial judge denied plaintiff's motion for rehearing or new trial.

Plaintiff here argues that the trial court's decision to modify the property settlement was reversible error. We agree.

Lower court orders modifying divorce judgments are reviewed by this Court *de novo.* Great consideration should be given to the findings of the trial judge. His position should not be reversed unless this Court would have reached a different conclusion had it been in his place. *Bickham v Bickham,* 113 Mich App 408, 412; 317 NW2d 642 (1982). Property settlements may not be modified in the absence of fraud, mistake or gross inequity. *Alexander v Alexander,* 103 Mich App 263, 266-267; 303 NW2d 202 (1981); *Chisnell v Chisnell,* 99 Mich App 311, 317; 297 NW2d 909 (1980). The party seeking modification has the burden of going forward with evidence that will justify the proposed change. *Bickham, supra.*

GCR 1963, 528.3 provides that relief from a final judgment may be provided in cases of mistake or newly discovered evidence which could with due diligence have been discovered in time for a mo-

tion for a new trial. "Mutual mistake is where the parties have a common intention, but it is induced by a common [error]." Black's Law Dictionary (4th ed), p 1153. Once the trial court has found that both parties share a mistaken belief which led to their consent to a settlement, it has the power to vacate the judgment. *Gordon v Warren Planning & Urban Renewal Comm,* 388 Mich 82, 89; 199 NW2d 465 (1972). However, where the party seeking modification or his counsel made "ill-advised or careless decisions", and alleges mistake, no relief can be granted. *Lark v The Detroit Edison Co,* 99 Mich App 280, 283; 297 NW2d 653 (1980). If, at the time of the settlement, the parties had access to the information on which the allegations of error or fraud are now based, their compromise should not be disturbed. *Harrison v Dewey,* 46 Mich 173, 175-176; 9 NW 152 (1881).

Defendant here had full access to the books of the corporation at all times, and even suggested that he was aware of irregularities at the time the property settlement was entered into. Although defendant had no legal duty to examine the accounts, we believe it is inequitable to penalize plaintiff for his failure to do so. Defendant presented no evidence of fraud, and did not allege at the hearing that the facts were newly discovered. We therefore reverse the trial court's decision to modify the judgment.

Discussion of the other issues raised by plaintiff is unnecessary.

Reversed. Plaintiff may tax costs.